PETER CARANDO *vs.* SPRINGFIELD COLD STORAGE CO. INC.

Hampden.  September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence,* Warehouse, Res ipsa loquitur.  *Warehouse.*

In the absence of evidence of a demand upon a public warehouseman under § 15 of G. L. (Ter. Ed.) c. 105, it was proper to refuse, at the hearing of an action for damage to goods while in storage, rulings in substance that the doctrine *res ipsa loquitur* was applicable.

CONTRACT OR TORT.   Writ in the District Court of Springfield dated October 1, 1938.

The case was heard by *Davis*, J.

*I. M. Cohen*, for the plaintiff.

*D. B. Wallace*, for the defendant, submitted a brief.

Cox, J. This is an action of tort to recover damages for the spoilage of Italian salami while stored in the cold storage warehouse of the defendant, under an agreement that the storage temperature should not exceed forty-five degrees. The trial judge made specific findings of fact, and found for the defendant. The plaintiff appealed from the order of the Appellate Division for the Western District dismissing the report of the trial judge, who denied six requests of the plaintiff for rulings.

There was no error in the denial of the third request, to the effect that the defendant did not act in a prudent and careful manner in handling the salami, if this presents a question of law, inasmuch as the evidence did not require the trial judge, against the burden of proof, so to find. Likewise there was no error in the denial of the fifth request which was posited upon an assumption that the salami was damaged because of heat, it appearing from the record that this fact was not found by the trial judge. There was no error in the refusal to give request 11 (a) for the reason that the judge found expressly that the defendant exercised the same degree of care in the storage and keeping of the salami under the circumstances as a reasonably careful man would exercise over similar goods of his own. Likewise there was no error in refusing the eighth request which was posited upon an assumption that the cause of the "accident" and the surrounding circumstances were within the sole control of the defendant, inasmuch as these assumed facts were not found by the trial judge.

Requests 9, 10 and 11 (b) are as follows: "9. The plaintiff need not prove the specific cause of the damage to his goods, if this court may reasonably infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. 10. The plaintiff is not precluded from falling back upon the doctrine of

*res ipsa loquitur* by having introduced evidence as to the possible specific cause of the damage to his goods. 11. Upon the law and the evidence a finding should be made for the plaintiff because, . . . (b) The defendant is liable for the damage to the plaintiff's goods under the doctrine of *res ipsa loquitur.*" We are of opinion that there was no error in the denial of these requests.

The defendant, as a cold storage warehouseman (see G. L. [Ter. Ed.] c. 94, § 66, c. 105, § 1, as amended by St. 1935, c. 310, § 1), was liable for "any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise; but not, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care." G. L. (Ter. Ed.) c. 105, § 27. This statutory rule conforms to the rule existing at common law, and, there being no evidence of a demand by the plaintiff as a holder of a warehouse receipt, under G. L. (Ter. Ed.) c. 105, § 15, the burden was on the plaintiff to prove that his goods were damaged through the defendant's negligence. *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 193, and cases cited. In view of the general and special findings of the trial judge, there was no error in the denial of the requests now under consideration. See *Hanna* v. *Shaw,* 244 Mass. 57, 60.

The plaintiff contends that certain special findings of the trial judge were unwarranted by the evidence. This appeal, however, brings up for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and matters of law touching the action of that division. *Burns* v. *Winchell,* 305 Mass. 276, 282. The only rulings reported are those already dealt with. It is not contended by the plaintiff that he was entitled to a finding as a matter of law, nor was there any request relating to the evidence as a whole. See *Keeney* v. *Ciborowski,* 304 Mass. 371, 374. In the circumstances, we are of opinion that there was no error.

*Order dismissing report affirmed.*