PAULINE LUBELL *vs.* WILLIAM D. TURNER & another.

Suffolk.  April 8, 1942. — June 29, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Warehouseman.  Bailment.*

Evidence warranted a finding that goods of a customer of a warehouseman
delivered at the warehouse by a mover included certain rugs and
that the rugs were not included when subsequently goods were re-
delivered to the mover at the warehouse for transportation back to the
customer.

CONTRACT OR TORT. Writ in the Municipal Court of the
City of Boston dated March 15, 1941.

There was a finding for the plaintiff by *Tomasello*, J. A

report to the Appellate Division was ordered dismissed, and the defendants appealed.

The case was argued at the bar in April, 1942, before *Field*, C.J., *Donahue, Dolan, Cox,* & *Ronan*, JJ., and afterwards was submitted on briefs to all the Justices.

*C. P. Huse, Jr.*, for the plaintiff.

*H. D. White*, for the defendants.

LUMMUS, J. The defendants are warehousemen under the name of New England Storage Warehouse Company. This action is one of contract or tort, with three counts for the same cause of action. The first count is in contract, alleging that the defendants agreed safely to keep two rugs for the plaintiff, and to return them on demand, but failed so to return them. The second count is in tort and like the first with the addition that the failure to return the rugs was negligent. The third count is in tort for the conversion of two rugs.

The case was heard by a judge of a District Court. The plaintiff testified that in September, 1938, she caused the two rugs to be rolled up and tied, apparently in one bundle. "They had been rolled and tied and placed in the living room [of the plaintiff's house which had been closed for the summer] on one side of the room. There were eight or nine bundles in the living room, three in the dining room, and six or seven in the bedroom; that she talked with Clark of the Clark Moving Co. about the same, and they called and removed them on September 12, 1938. She was at home at the time and everything in the house was removed, including all rugs." Clark testified that in September, 1938, he "went to the plaintiff's home, saw the rugs, which had been rolled. . . . They were all in one place. He did not recall the number of bundles." He testified that everything was moved out of the house. He "did not get into the truck, but followed the truck in his own automobile and arrived at the warehouse between 4:30 and 5:00 P.M." By that time the power had been shut off. He "placed the rugs on the elevator . . . and left them there. The watchman who was there told him to leave them there and to go on."

One Greeley, the manager of the defendants' warehouse, testified that on September 12, 1938, the defendants received from the plaintiff by Clark Moving Co. a miscellaneous lot of furniture and three bundles of rugs. They received later from the plaintiff by Albany Carpet Cleaning Company nine bundles of rugs, making a total of twelve bundles. The bundles were never opened, but were placed in the cold storage chamber of the warehouse, which is kept locked and to which only four of the officials of the warehouse have keys. He testified further that after the power has been shut off for the day, goods would be left in the elevator over night, and marked, taken up, and stored the next morning. The elevator is in a part of the warehouse which is locked and guarded by watchmen at night. It is conceivable that goods might remain in a corridor for a week, but that would be very exceptional.

On December 16, 1940, the plaintiff, being about to move into a new house at 685 Chestnut Hill Avenue in Brookline, wrote to the defendants that Clark would call for her furniture. An employee of Clark Moving Co. receipted for the goods on December 19, 1940. The receipt called for twelve bundles from the cold storage room. Clark testified that he did not accompany the load from the warehouse to the plaintiff's new house, but he was at the house when the load arrived. He did not remember how many bundles of rugs there were. At the time, workmen were working in the house, and the various articles could not be placed in their permanent locations in the rooms. Both the plaintiff and Clark testified that a lamp and one or two other articles arrived that did not belong to the plaintiff, and that Clark took them back to the warehouse. The plaintiff testified that a vacuum cleaner also arrived that did not belong to her, and that though she notified the warehouse it was never sent for. An employee of Clark Moving Co., testifying for the defendants, stated that he carried twelve bundles of rugs from the warehouse to the plaintiff's new house. The moving was done in a closed van, with no lock on the rear. The van did not stop on the way. It is apparent that, if only twelve bundles were taken from the ware-

house, and all twelve were delivered to the plaintiff, there was no loss on the way.

Five or six days after the goods arrived, the plaintiff found that the two rugs were missing. She asked Clark about the rugs, but he said that he knew nothing of them. She then notified Greeley by telephone about the loss of the rugs, and he asked her to search the house. She did so, and telephoned Greeley that she could not find them. He told her not to worry, as he would find them. They never have been found, although she has called Greeley a number of times and demanded the rugs.

It was agreed that the plaintiff has an action pending against Clark Moving Co. for the loss of the same rugs.

The defendants requested five rulings that were refused. Four of them were to the effect that upon the evidence it was equally likely that the rugs were lost while in the possession of Clark as that they were lost while in the possession of the defendants, and consequently that the defendants are not liable. As to these, the judge said that they were "inapplicable as I find on the facts that the loss was while in the possession of the defendants." The sixth request was as follows: "Upon all the evidence, the plaintiff has not sustained the burden of proving delivery of the rugs to the defendants, and the plaintiff cannot recover in this action." The judge found for the plaintiff, and the Appellate Division dismissed a report. The defendants appealed to this court.

The defendants contend that there is no evidence that the rugs were lost while in the hands of the defendants; that on the evidence it is equally likely that they were lost before delivery to the defendants or after redelivery by them. If that were true, of course the plaintiff could not recover. *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 251. *Bennett* v. *Cohen,* 310 Mass. 714. *Thomas* v. *Spinney,* 310 Mass. 749, 752. But we think that upon the evidence the judge could find that the two rugs in question arrived at the defendants' warehouse and were put into their custody, and that they never were redelivered by the defendants to Clark Moving Co. The plaintiff was not bound

to exclude all possibility of loss at a time when the rugs were not in possession of the defendants.　See *Lowell* v. *Boston Storage Warehouse Co.* 280 Mass. 234.

*Order dismissing report affirmed.*