Tomasello, J.
In an action of tort the plaintiff seeks to recover for damage to his household furniture alleged to have been sustained while in the possession of the defendant, warehouseman. To this allegation the defendant answered in denial and filed a declaration in set-off wherein it was claimed that the plaintiff" owed for storage charges.
The trial judge made certain specific findings of fact after denying the plaintiff’s fifth request. Request No. 5 was that: “Upon the evidence the plaintiff placed in the defendant’s warehouse his household of furniture which was damaged while in the possession and control of the defendant’s warehouseman by the negligence of the defendant, his agents or servants for which damage the defendant is liable to the plaintiff.”
The specific rulings and findings were as follows: “I
find that.on or about January 13, 1945, the plaintiff for a valid consideration, stored his household furniture. and effects with the defendant who. was licensed to operate a public warehouse in the Town of Winthrop,
*46 “I further find that at the time of (removal) delivery by the defendant to the plaintiff, some of said furniture and effects were damaged, and I find that this damage was caused by excessive moisture.
‘ ‘ I rule that the burden is upon the plaintiff to show that said damage was caused by the defendant’s negligence, and I find that the plaintiff has failed to maintain this burden. ’ ’
The court made a general finding for the defendant and found for the plaintiff in set-off in the sum of $28.
At the trial certain of the plaintiff’s witnesses testified that the walls adjacent to the location of the furniture in the warehouse “glistened with moisture” and “looked like they were sweating,’’ that the “wood Avas warped and some of the draws were stuck together,” that “the rugs Avere Avet and mouldy,” that “some of the upholstered furniture was moist and certain metal parts were rusted.” On the other hand the defendant’s witnesses testified that “If you (the plaintiff’s wife) hadn’t placed the protective Avrappings on the furniture, it Avouldn’t haA^e retained the moisture,” that the plaintiff knew the furniture Avas in an unheated storage Avarehouse from January 13, 1945, to November 19, 1948, and made no request for their removal, that part of the furniture had been stored in an unheated garage prior to being taken to the Avarehouse and during a period around January 4, 1949. That “there had never been any moisture on any interior Avails of the warehouse during the entire time the plaintiff’s furniture was stored there.” There was further detailed and minute testimony of the defendant as to the manner of the storage of the furniture.
The warehouse receipt contained the following conditions :
“The responsibility of the Company is limited to its OAvn negligence and assumes no liability of any kind for *47 any cause or for damage by moth, rust, fire or deterioration by time.
“The company is not responsible for fragile articles, injured or broken unless packed by its employees and unpacked by them at the time of delivery and in no event shall the company be liable except for its own negligence.”
The plaintiff’s grievance is to the denial of request No. 5 which is predicated “upon the evidence” and by inference presupposes a ruling based upon findings of fact, and as such is not reviewable. Reid v. Doherty, 273 Mass. 388; MacDonald v. Adamian, 294 Mass. 187, 190; Carando v. Springfield Cold Storage Co., 307 Mass. 99. The belief or disbelief of witnesses is the province of the trial judge, Atlas v. Silsbury-Gamble Motors Co., 278 Mass. 279, 283, and the trial judge was not obliged to believe the testimony in whole or in part even though undisputed. Lindenbaum v. N. Y. N. H. & H. RR., 197 Mass. 314, 323; Cosman v. Donovan, 282. Mass. 224, 228; Lydon v. Roston Elevated Ry., 309 Mass. 205, 206; Perry v. Hanover, 314 Mass. 167, 170.
Where the burden of proof is upon the plaintiff, as it was in this case, Bellows v. Worcester Storage Co., 297 Mass. 188, 193; Carando v. Springfield Cold Storage Co., 307 Mass. 99, 101, to establish certain facts affirmatively and a substantial part of the evidence offered is oral or consists of inferences to be drawn from circumstances, it is rarely that it can be ruled as a matter of law that the plaintiff is entitled to recover. In the present case such a ruling was not required. Coleman v. N. Y. N. H. & H. RR., 215 Mass. 45, 47; Winchester v. Missin, 278 Mass. 427, 428; Hoffman v. Chelsea, 315 Mass. 54, 56 and cases cited; Spark v. N. Y. N. H. & H. RR., Vol, 64, 213 BMC A. D. #272560.
The doctrine of res ipso loquitur is inapplicable to the facts in this case; Carando v. Springfield Cold Storage Co., *48 307 Mass. 99, 101. Since an inference from the evidence that the goods were not damaged by the defendant’s negligence was equally consistent with evidence that they were so damaged, a finding for the defendant was warranted. Hanna v. Shaw, 244 Mass. 57.
In view of the general and special findings of the trial judge there was no error, in the denial of request No. 5 now under consideration. Report dismissed.