KENISTON, C. J.
dissenting. I cannot concur in the conclusion reached by the majority. A large part of the evidence as set forth in the report, as well as in the statement of evidence in the majority opinion, is made up of the plaintiff’s testimony, much of which may have been disbelieved and discredited by the trial judge. Lindenbaum v. N.Y. & H. RR., 197 Mass. 314, 323; Perry v. Hanover, 314 Mass. 167, 170.
From the evidence most favorable to the defendant, it seems to me, the trial judge could have found the following facts: The plaintiff, Hockberger, came to Boston, on or about January 6, 1950, and went to the place of business of the defendant seeking to buy ladies’ shoes. The defendant, Slesinger, told the plaintiff that the defendant had bought out three Leatherbury stores in Florida; that he did not know what was there; that there were between 5,000 and 6,000 pairs of ladies’ shoes; that the sizes were bad; that he had an inventory; that he showed the inventory sheets to Hockberger and explained that these were the sizes and the stock; that the inventory sheets showed some children’s shoes; that the plaintiff, Hock-berger, picked up a pamphlet, which was introduced in evidence, and the defendant stated that it did not represent the shoes; that Hockberger stated that he wished to have the pamphlet to take to New York to show to customers, and that the defendant offered to sell the shoes at 35 cents a pair.
The plaintiff, Hockberger, returned to New York, and on January 7, 1950 sent a telegram to the defendant as follows:
“Have sold 6,000 pairs of shoes as shown upon pamphlet. Will be in Boston Tuesday.”
*[102] The plaintiff, Hockberger, came to Boston on January 12, 1950, and paid the defendants $1,000. as a deposit. It does not appear from the report what order the plaintiff gave to the defendants. The defendants on January 16 drew a sight draft upon the Little River Bank & Trust Co., of Miami, Florida, in the sum of $1641.65, which the plaintiffs paid in full January 27, 1950. On January 18, 1950, the defendant sent a bill of lading to the plaintiffs, the substance of which was:- “January 18, 1950 - 6119 Ladies’ Assorted Leatherbury Shoes, retail stock of Beth Shoe Store, Miami, Florida, as is
35c ' $2141.00
Deposit 1000.00 1141.65”
The shoes arrived at the. plaintiff’s place of business February 3, 1950. February 9, 1950, the plaintiff wrote the defendant as follows:
“A substantial part of the shipment of 6,119 pairs of shoes sold by you to us and billed on your invoice number 4896 are children’s shoes, not ladies’ shoes, as required by our contract.
By reason of the foregoing breach of warranty, we hereby elect to rescind the sale of all the aforesaid shoes.
We are holding the entire shipment for return to you, and we hereby offer to return the entire shipment to you upon your repayment to us of the purchase price.”
The defendant did not know that there were children’s shoes in the lot which were shipped, and upon receiving notice that there were offered to pay back the money on the children’s shoes.
The defendant had made an inspection of 15 or 20 pairs of shoes in Miami and he saw children’s sandals and ladies’ sandals. Other than 996 pairs of children’s shoes delivered to the plaintiffs, the balance of the shoes were ladies’ assorted Leatherbury shoes.
The only questions raised by this report are the rulings of law made upon the requests of the plaintiffs and reported by the trial judge to the Appellate Division. G. L., c. 231, § 108; Carando v. Springfield Cold Storage Co., Inc., 307 Mass. 99, 101; Adamaitis v. Metropolitan Life Ins. Co., 295 Mass. 215, 221; Bresnick v. Heath, 292 Mass. 293, 296; Reid v. Doherty, 273 Mass. 388.
There was no error in denying the first request *[103] because the specifications therein did not require a ruling that on all the evidence the plaintiff was entitled to recover.0 These specifications were only-two of several elements necessary for the plaintiff to recover. The requested ruling was a single ruling with the reasons therefor specified, but all that was required of the trial judge was to deal with the request as a unit. The reasons specified did not require the granting of the request.
See Rule 26, Boston Municipal Court. Ryerson v. Fall River Philanthropic Burial Society, 315 Mass. 244, 245-6; Memishian v. Phipps, 311 Mass. 521; Holton v. American Pastry Products Corp., 274 Mass. 268, 270-1. Morever, each of the specifications were findings of fact, which the trial judge was not required to make as a ruling of law. Furthermore, the court did find for the plaintiffs.
Request number two was granted. The plaintiff is not aggrieved by the granting of his own request. Korb v. Albany Carpet Cleaning Co., 301 Mass. 317 318; Baker v. Davis, 299 Mass. 345, 348; Woodman v. Haynes, 289 Mass. 114, 118. In granting this request the court made the following specific findings of facts which were not rulings of law. The plaintiff is not aggrieved by findings of facts. The evidence did not require contrary findings. If the plaintiffs wished to raise the question that the evidence did not warrant such findings of fact, they should have filed a proper request to that effect, Carando v. Springfield Cold Storage Co., Inc., 307 Mass. 99, 101; Baker v. Davis, 299 Mass. 345, 348; Reid v. Doherty, 273 Mass. 388, 389. Inapplicable.”
There was no error in denying request number 4 as inapplicable in view of the special findings of fact made in connection with the ruling on request 2.
Plaintiffs claim to be aggrieved by “2. The judge’s ruling that no specified number of ladies’ shoes was agreed upon.”
The trial judge made no such ruling. It was a finding of fact. As previously stated, if the plaintiffs wished to raise the question that the evidence did not warrant such a finding they should have filed proper requests to that effect.
The plaintiffs claim also to be aggrieved by “3. The denial of the judge to grant rescission.” As previously stated, the only questions raised by this *[104] report are the rulings of law made upon requests of the plaintiff. No such request was filed.
The same comment is applicable to the grievance “4. The failure of the judge to award the plaintiffs adequate damages.” There was no request filed touching the question of damages.
The last grievance claimed by the plaintiffs — "5. The judge's finding that the 996 children’s shoes were sent the plaintiffs by mistake” ■— is a finding of fact. The plaintiffs are not aggrieved by findings of fact unless they involve a ruling of law. This finding of fact did not involve a ruling of law. There was evidence to support such a finding. Godfrey v. Caswell, 321 Mass. 161, 163; James B. Rendle Co. v. Conley & Daggett, Inc., 313 Mass. 712; Perry v. Hanover, 314 Mass. 167, 169; Ryerson v. Fall River Philanthropic Burial Soc., 315 Mass. 244, 245.
The majority opinion does not consider the questions presented by the report, that is whether there was prejudicial error in the rulings of law made by the trial judge on the plaintiffs’ requests. Instead it attempts to review the evidence at large and comes to a different conclusion from the trial judge. No such authority is conferred upon the Appellate Division. G.L. c. 231, § 108; Loanes v. Gast, 216 Mass. 197, 199; Railway Express Agency v. Michaelson, 311 Mass. 704, 709.
The opinion seems to adopt the court’s finding of fact that there were 996 children’s shoes sent by mistake, and comes to the conclusion that this indicates a different agreement than the court has found and goes on to determine what that contract was. This goes far beyond the powers conferred upon the Appellate Division by G. L., c. 231, § 108.
If there was any inconsistency in the court’s rulings or special findings of fact with its general finding, such question is not raised by this report. It should have been raised either by a motion to correct the error or by a motion for a new trial, with proper requests. Duralith Corp. v. Leonard, 274 Mass. 397, 401; Di Lorenzo v. Atlantic Nat’l Bank, 278 Mass. 321, 323-324; Caton v. Winslow Bros. & Smith Co., 309 Mass. 150, 154; Biggs v. Densmore, 323 Mass. 106, 108, 109 and cases cited; Langdoc v. Gevaert Co. of America, 315 Mass. 8, 12 and cases cited. Nor was it within the power of the Appellate Division to *[105] make a finding for the plaintiff in the amount of $2343.55. The evidence did not compel s,uch a finding as a matter of law. Hoffman v. Chelsea, 315 Mass. 54, 55-56. If there has been prejudicial error in the court’s ruling on the plaintiffs’ requests, the Appellate Division "may reverse, vacate or modify the same or order a new trial in whole or in part; otherwise it shall dismiss the report.” G. L. c. 231, § 108. Power to reverse a ruling of a lower court does not mean power to enter a judgment which the Appellate Division decides ought to be entered. Loanes v. Cast, 216 Mass. 197, 199.
Thomas D. Burns, Attorneys for Plaintiff.
Guterman & Guterman, Attorneys for Defendant.
It is my opinion that there was no prejudicial error in the court’s rulings on the plaintiffs’ requests, and that the report should be dismissed.