FREDERICK H. PHINNEY *vs.* EDWARD E. TURCOTTE & others.

Middlesex.     December 4, 1958. — March 20, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Bills and Notes*, Interest, Instalment note. *Interest.*

Under a promissory note made in 1954 providing that "the first payment on principal" should be in a certain sum on January 1, 1956, "and a similar sum annually thereafter, the whole . . . in or within ten years . . . with interest . . . at . . . [a specified] rate . . . during said term . . . the first payment of interest to be made January 1, 1955," interest after January 1, 1955, was payable at the same times as instalments of principal and was to be computed on the current amounts of unpaid principal.

BILL IN EQUITY, filed in the Land Court on September 13, 1957.

The suit was heard by *McPartlin*, J.

The case was submitted on briefs.

*Paul C. Hanna*, for the defendants.

*Robert F. Hayes & Dwight B. MacCormack*, for the plaintiff.

WILLIAMS, J.   This is a proceeding in equity brought on September 13, 1957, for authority to foreclose a second mortgage on real estate in Hopkinton and Westborough given by the defendants Edward E. Turcotte, Everett E. Turcotte, and Gladys L. Turcotte on September 27, 1954, to secure the payment of the following note: "$10,000.00 September 27, 1954   For Value Received we, jointly and severally promise to pay to Frederick H. Phinney . . . or order Ten thousand and 00/100 . . . Dollars the first payment on principal to be in the sum of one thousand dollars on January 1, 1956 and a similar sum annually thereafter, the whole . . . in or within ten years from this date, with interest . . . at the rate of six per centum per annum, during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid, the first payment of interest to be made January 1, 1955."

A judge of the Land Court found that interest in accordance with the terms of the note was paid on or about January 1, 1955, and a payment of $2,200 made on January 12, 1957.   No other payments were made previous to January 3, 1958, the date of hearing.   He further found that "the interest was to be paid annually on January 1st each year on the amount of principal then outstanding, together with the payment due on the principal" and that the mortgage was in default.   He entered a final decree authorizing the plaintiff to make an entry and to exercise the power of sale contained in the mortgage.   The above named defendants appealed.

We think that the judge was justified in finding that the makers of the note were in default on payments of interest. Their obligation as to interest arose from the terms of the note (see *Ratner* v. *Hill*, 270 Mass. 249, 253–254) which

provided that it was payable at the rate of six per cent per annum with the first payment due on January 1, 1955. This was a time before any instalment of principal was payable and obviously the provision required payment of interest on the outstanding principal. It is implicit in the note that thereafter interest was to be payable at the times when instalments of principal became due (see *Saunders* v. *McCarthy*, 8 Allen, 42, 45) and as in the first payment was to be computed on the current amounts of unpaid principal. On January 1, 1957, principal to the amount of $2,000 was payable and interest on $10,000 in the sum of $1,200. After January 12, 1957, the defendants were in default to the extent of $1,000.

*Decree affirmed.*