BESSIE BEAN *vs.* SECURITY FUR STORAGE WAREHOUSE, INC.

Suffolk.    April 3, 1962. — July 3, 1962.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Bailment. Negligence,* Bailee. *Evidence,* Presumptions and burden of proof, Burden of going forward, Interrogatories.

At the trial together of two actions by the same plaintiff against different defendants for the loss of an article, answers of one defendant to interrogatories propounded by the plaintiff were inadmissible against the other defendant.  [675]

In an action against a bailee for hire for loss of an article, the plaintiff had the burden of proving negligence on the part of the defendant, but proof of receipt of the article by the defendant and its disappearance while in his possession would warrant a finding that he was negligent and cast on him the burden of going forward with evidence explaining the disappearance of the article and showing that its loss was without his fault.  [676–677]

CONTRACT OR TORT.  Writ in the Superior Court dated December 8, 1958.

The action was heard by *Rose,* J.

*William F. Callahan* for the defendant.

*Louis Kobrin,* for the plaintiff, submitted a brief.

WILKINS, C.J.  This action of contract or tort is to recover for the loss of a mink coat given to Morton's Inc. (Morton's), and later given by Morton's to the defendant, for cleaning and storage.  We are concerned only with count 5, which is based on negligence in causing the coat "to be taken or lost," and on which there was a finding for the plaintiff.  The defendant's exceptions are to error in making that finding, and to admitting in evidence against the defendant the answers to interrogatories of Morton's, which was defendant in another action by the plaintiff tried with the present action.

The evidence was all presented by the plaintiff.  Marion Denis, the plaintiff's sister, testified that on April 20, 1957, she took a mink coat of the plaintiff to Morton's for clean-

ing, repairs, and storage. The plaintiff testified that she had been doing business with Morton's for twenty-five years, and corroborated her sister's testimony. She testified that she called Morton's in November, 1957, and asked to have her coat delivered. When it was not delivered, she talked with the credit manager. Her testimony as to her conversation with him was not admitted against the defendant.

The answers of the defendant's president to interrogatories were read. These were to the effect that the coat had been received from Morton's on August 28, 1957; that it was to be cleaned and stored; that he did not know what happened to it while in the defendant's possession; and that on November 21, 1957, when the coat was called out of storage, they were unable to locate it.

1. Subject to the defendant's exception, the answers to interrogatories of Morton's were read in evidence. These were, in part, to the effect that the coat was sent to the defendant whence in August it was sent to the defendant's plant to be cleaned; that, while it was being cleaned, the coat disappeared; and that Morton's does not know what happened to the coat. The answers to interrogatories by Morton's were inadmissible against the defendant. *Dole* v. *Wooldredge,* 142 Mass. 161, 181–182. *McNiff* v. *Boston Elev. Ry.* 234 Mass. 252, 254. This exception must be sustained.

2. Since the case must be retried, we shall indicate our views on two questions which will arise again.

(a) The first such question is whether there was evidence of the defendant's liability. "In the absence of contract increasing the liability of a bailee, he is not liable for loss or damage occurring without his fault." *Perreault* v. *Circle Club, Inc.* 326 Mass. 458, 459, and cases cited. There being no such contract, the issue would be whether there is evidence that the loss accrued due to the negligence of the defendant.

No facts were proved adequate to show that the defendant was within G. L. (Ter. Ed.) c. 105, § 15, which provides that a demand by the holder of a warehouse receipt in cer-

tain circumstances throws "the burden of showing a non-culpable loss as an excuse for nondelivery" upon a warehouseman or one who provides storage facilities as a business. "Apart from that statute, the burden is on the plaintiff to prove a negligent loss. *Willett* v. *Rich,* 142 Mass. 356. *Hanna* v. *Shaw,* 244 Mass. 57, 61." *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 193. *Carando* v. *Springfield Cold Storage Co. Inc.* 307 Mass. 99, 101. See *Smith* v. *First Natl. Bank,* 99 Mass. 605, 611. The coat was delivered to the defendant before October 1, 1958, the effective date of the Uniform Commercial Code, G. L. c. 106, § 7–403, enacted by St. 1957, c. 765, § 1. *D'Aloisio* v. *Morton's Inc.* 342 Mass. 231, 236n.

In the trial in the court below the testimony properly admitted was merely that the defendant received the coat for cleaning and storage, but did not know what happened to it. If this should be the substance of the evidence at another trial, an issue of fact would be presented. While the burden of proving negligence would continue to rest upon the plaintiff, the receipt of the coat by the defendant and its disappearance while in the possession of the defendant, which offers no explanation of the disappearance, would permit a finding that the defendant was negligent. Regardless of whether one uses the phrase disapproved in *Hanna* v. *Shaw,* 244 Mass. 57, 61, that "the fact of negligence may be presumed" (but compare Wigmore, Evidence [3d ed.] § 2508; McCormick, Evidence, p. 644), this means that the burden of going forward with the evidence falls upon the defendant. We do not believe that the statements in the next to the last paragraph of the opinion in the *Hanna* case, *supra,* 61, were intended to convey any contrary impression but, to any extent that they do, they are not accurate statements of our law nor of the prevailing view elsewhere. In *Butler* v. *Bowdoin Sq. Garage, Inc.* 329 Mass. 28, 31, the *Hanna* case is described as one "where the evidence failed to show greater likelihood that the damage to the automobile . . . was caused by acts attributable to the garage owner rather than by the owner's prior operation of the automobile."

For a statement of our law, as it stood at the time of the *Hanna* case, particular reference may be made to three cases. In *Cass* v. *Boston & Lowell R.R.* 14 Allen, 448, there was an action of contract for the loss of goods while held by the defendants as warehousemen. There was a dissenting opinion by Chief Justice Bigelow on a question of burden of proof which did not affect the first issue, as to which the court said through Chapman, J., at page 451: "The court are all of opinion that the refusal to order a verdict for the defendants at the trial was right. The plaintiff's evidence showed that the defendants had received the property, and on demand failed to deliver or account for it. There was nothing in this evidence to show that they had any reason for not delivering it; or that any cause but their own neglect or default prevented the performance of their contract. There was certainly a case to go to the jury." A similar case reaching a similar result is *Lane* v. *Boston & Albany R.R.* 112 Mass. 455, 462, in which Chief Justice Gray cited the *Cass* case and no other.

In *Willett* v. *Rich,* 142 Mass. 356, there was also an action of contract against warehousemen, this time for returning goods in damaged condition. The court, through Chief Justice Morton, in substance overruled the *Cass* case on burden of proof and approved the dissenting opinion. Not only was there nothing to affect the *Cass* case on the issue of negligence, but the court said, at pages 359–360, "It may be that, where there is a refusal to deliver, the plaintiff may make out a prima facie case upon proving this fact [of nondelivery], because such refusal, if unexplained, is some evidence of the breach of the contract."

We are of opinion that the foregoing statements stand unimpaired as to our present law. See *Lubell* v. *Turner,* 314 Mass. 245, 248. See also *Cohen* v. *Henry Siegel Co.* 220 Mass. 215.

Authorities in general uphold the view hereinbefore expressed. *Chesapeake & Ohio Ry.* v. *Thompson Mfg. Co.* 270 U. S. 416, 422–423. *National Dock & Storage Warehouse Co.* v. *United States,* 27 F. 2d 4, 8 (1st Cir.). *National Garages, Inc.* v. *Barry,* 217 Ark. 593, 595–596. *Wil-*

son v. *Southern Pac. R.R.* 62 Cal. 164, 171–172.  *Wheelock Bros. Inc.* v. *Bankers Warehouse Co.* 115 Colo. 197, 200–201. *Burt* v. *Blackfoot Motor Supply Co. Inc.* 67 Idaho, 548, 553. *Lederer* v. *Railway Terminal & Warehouse Co.* 346 Ill. 140, 145–146.  *Walters* v. *Sanders Motor Co.* 229 Iowa, 398, 399–400.  *Threlkeld* v. *Breaux Ballard, Inc.* 296 Ky. 344, 347.  *Northeast Aviation Co.* v. *Rozzi,* 144 Maine, 47, 48. *Murphy* v. *Co-operative Laundry Co. of St. Paul, Inc.* 230 Minn. 213, 214–215.  *Hornsby* v. *Logaras,* 210 Miss. 512, 514.  *Federal Ins. Co.* v. *International Harvester Co.* 164 Neb. 698, 702.  *Berkowitz* v. *Pierce,* 129 N. J. L. 299, 300. *Castorina* v. *Rosen,* 290 N. Y. 445, 447.  *Millers Mut. Ins. Assn.* v. *Atkinson Motors, Inc.* 240 N. C. 183, 185.  *Hershey* v. *Pittsburgh & W. Va. Ry.* 366 Pa. 158, 160–161.  *Starita* v. *Campbell,* 72 R. I. 405, 408.  *Carty* v. *Lemmon Auto Co.* 72 S. D. 559, 561.  *Dallas* v. *Milum,* 200 S. W. 2d 833, 837 (Tex. Civ. App.).  *Wyatt* v. *Baughman,* 121 Utah, 98, 102. *Goodwin* v. *Georgian Hotel Co.* 197 Wash. 173, 181.  *Pretty-man* v. *Hopkins Motor Co.* 139 W. Va. 711, 728–729.  *Affler-baugh* v. *Geo. Grede & Bro.* 182 Wis. 217, 219.  Wigmore, Evidence (3d ed.), § 2508.  McCormick, Evidence, 644–645. Dobie, Bailments and Carriers, § 17.

(b) Another question which will arise at a new trial is the extent of damages.  The "storage receipt and contract" given to Morton's contained the following: "3.  The value declared by the depositor as set opposite each article listed herein is agreed to be the value of such article for the purposes of this contract and varying rates are offered by Morton's dependent upon such declared value.  In consideration of the charge based on the value declared by the depositor, it is agreed that the liability of Morton's for loss or damage to any article from any cause, including the negligence of Morton's shall be limited to the amount of such declared value or the cost of repair or replacement with materials of like kind and quality, whichever amount is least, except that in no event shall the liability of Morton's exceed the actual value of the said article."  "7.  The articles may be stored or processed at any place selected by Morton's without notice to the depositor."

The amount stated on the face of the contract was "Valuation by customer liability not exceeding $200." In an action against Morton's the plaintiff would be limited to that amount. *Kergald* v. *Armstrong Transfer Exp. Co.* 330 Mass. 254, 255–256. *D'Aloisio* v. *Morton's Inc.* 342 Mass. 231, 235. The precise facts of the relationship between Morton's and the defendant do not appear. If there was an agency relationship, the defendant may be able to show that it is entitled to the benefit of the contract limitations. If the case should reach us again, we hope that this question will be adequately briefed.

*Exceptions sustained.*