*Northern District*

A. D. #5660 ·

**GEORGE A. RANDO**

v.

**ED ST.GERMAIN, INC.**

(Aug. 14, 1962)

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Connolly, J.* in the Second District Court of Eastern Middlesex (Waltham) No. 5731 of 1958.

*Eno, J.* This is an action of tort in which the plaintiff seeks to recover the value of a motor vehicle which had been left with the defendant corporation for servicing, and while in the possession of the defendant, was stolen from the defendant's premises by persons unknown.

The Defendant's Answer was a general denial, contributory negligence and the assumption of risk of loss.

At the trial, there was evidence tending to show that the plaintiff delivered his Mercury Sedan to the defendant's servant or agent on or about April 24, 1956 to the defendant's gas and service station at 922 Main Street,

Waltham, Mass., with instructions to have the car oiled and greased and to have the car inspected for the April inspection period. The plaintiff knew that the inspection would not be done by the defendant.

The defendant's premises was a section of a building also occupied by the Holmes Motors, Inc. On the west side of the premises, there was a parking lot adjacent to the sidewalk which was used by the Holmes Motors, Inc. for the parking of their vehicles. The entrance to the Inspection Station area of the Holmes Motors, Inc. was to the rear of the defendant's premises. The passageway to the Inspection Station was along the west side of the building. The only entrance and exit to the service area of the Holmes Motors, Inc. was along the west side of the building; the entire area being enclosed with the exception of the entrance and exit.

There was evidence that an employee of the defendant, one Raymond E. Fagan, received the car from the plaintiff. There was evidence the car was oiled and greased by the defendant's servant, but the witness, Raymond E. Fagan, was not sure whether he himself serviced the car, or what happened to it thereafter, but he knew the car was to go to the Holmes Motors, Inc. for the inspection operation as the defendant corporation did not perform that service.

One Walter Penna, who was then Service Manager for the Holmes Motors, Inc. testified that the car was brought in to their

section of the building by the defendant's employee, Raymond E. Fagan, and the car inspected. It was then backed out of that area and left parked in the area reserved for the defendant's vehicles, and to the rear of the parking area used and occupied by the Holmes Motors, Inc. The witness, Walter Penna, testified that Raymond E. Fagan backed the car out and left it in that area, and that was the last he saw of it. There was no evidence as to whether or not the keys were left in the car.

Shortly after noon it was discovered that the car was missing from that parking area where it had been left, and was never recovered. It was agreed that the car was stolen.

The defendant seasonably made the following requests for rulings which were denied by the trial judge:

3. That there is no evidence that the defendant failed to execute reasonable care for the safety and protection of the plaintiff's property.

5. On all the evidence a finding for the defendant is required.

The trial judge also made the following findings of facts:

I find that while the defendant was in possession of the plaintiff's automobile, as a bailee for hire, the automobile was stolen. I find that the theft of the automobile was a result of the negligence of the defendant. I further find that the fair market value of

the automobile at the time it was stolen was $3,000.00.

The report states that it contains all the evidence material to the issue in this case.

It comes before us only on the denial of said requests for rulings.

We think that a case recently decided by the Supreme Judicial Court: *Bean v. Security Fur Storage Warehouse, Inc.,* 344 Mass. 674, is very much in point and decisive of this case. The Court in that case stated that:

> "While the burden of proving negligence would continue to rest upon the plaintiff, the receipt of the coat (here it is an automobile) by the defendant and its disappearance while in the possession of the defendant, which offers no explanation of the disappearance would permit a finding that the defendant was negligent."

There was, therefore, no prejudicial error in the Court's denial of the defendant's two requests and the report is to be dismissed.

F. J. Donahue, of Boston, for the Plaintiff.

Darling & McLaughlin, of Concord, for the Defendant.