*Municipal Court of the City of Boston*
No. 75131
**LEVENSOHN & BASCH, INC.**

v.

**ALDEN STORAGE WAREHOUSE CO., ET AL**
*(October 9—October 21, 1964)*

*Present*: Adlow, C. J., Shamon & Morrissey, JJ.

Case tried to *Gorrasi, Sp. J.*

*Adlow, C. J.* Action sounding in tort or contract brought against Alden Storage and Warehouse Co., Inc., hereinafter referred to as warehouseman, for injury to goods stored in its warehouse by the plaintiff.

*There was evidence that* since October 1, 1957, the warehouseman occupied the premises at 55 Pittsburg St., Boston, Mass. as a licensed public warehouseman. The building was owned by the defendant Elmwood Investment Company, and was being managed by the defendants Norman W.

Kenney, Frank A. Ewart, and Charles Kenney, doing business as C. W. Whittier & Bro. The plaintiff's goods were stored at these premises under the provisions of a warehouse receipt which provided that:

"For the purpose of insurance you are hereby notified that this company will not be responsible for any loss or damage not due to its own negligence."

On December 23, 1961 water from the sprinkler system pipes flowed from pipes in another building at 44 Stillings Street, also owned by the defendant Elmwood Investment Company and poured onto the goods of the plaintiff resulting in damage in the amount of $4,379.70. There was evidence that there was leakage and a freeze-up in a sprinkler pipe inside the premises, which premises are a separate one-story building, all of which are ccupied by the warehouseman. There was evidence that in the five-day period prior to the flooding, the temperature had fluctuated between a low of 22 degrees and a maximum of 39 degrees farenheit. There was no general heating system in the building. In a box attached to the inside wall of the building and 12 feet above the floor was a low point drain. In this box was a 100 watt electric bulb which was expected to give off heat continuously and prevent the freezing of condensation in the low point drain. This drain and valve had been inspected about one month before the damage occurred by an agent of a sprinkler inspec-

tion service who found the system in good working order. The bales stored by the plaintiff were 5 feet by 3 feet by 2 feet and were of a type that could not be piled one on top of the other. Each bale weighed about 1,000 pounds.

There is evidence in the report which serves to confuse rather than clarify the situation. It appears that the first man to arrive on the scene after the flooding commenced found the box which housed the low point drain at a biased angle with a bale leaning against it. Keeping in mind that the bales were only 5 feet long and weighed 1,000 pounds it is inconceivable that the bale left the floor and struck the box where it was fixed 12 feet above the ground. If the box was against the bale it must have fallen from its place on the wall. However, in view of the rulings made by the court, these considerations become immaterial.

At the close of the evidence the defendant requested the court to rule that

"(3) In the absence of express contract increasing this defendant's liability, this defendant is not liable for damages to the plaintiff's goods occurring without its fault" and (4) "By express contract the plaintiff and this defendant agreed that this defendant would not be responsible for any loss or damage to the plaintiff's goods not due to the negligence of this defendant."

Both these requests were denied by the court.

Both rulings necessarily involve the same principle and will be considered together.

In substance they ask the court to rule that there can be no finding for the plaintiff unless the damage can be attributed to the defendant's negligence in caring for the plaintiff's property. In our opinion this is the correct rule to be applied in the determination of the issue.

A warehouseman, in the absence of special agreement, is not an insurer. By statute he owes only a duty of exercising due care in the exercise of his calling. G. L. (Ter. Ed.) c. 105, §27. *Rudy v. Quincy Market Cold Storage & Warehouse Company,* 249 Mass. 492; *Bellows v. Worcester Storage,* 297 Mass. 188, 192; *Carando v. Springfield Cold Storage Warehouse Co., Inc.,* 307 Mass. 99, 101. The statute has merely codified a recognized common law principle. *Norway Plains Co. v. Boston & Maine R.R.,* 1 Gray 263; *Willett v. Rich,* 142 Mass. 356; *Murray v. International Steamship Co.,* 170 Mass. 166; *Hecht v. Boston Wharf Co.,* 220 Mass. 397.

In view of the court's rulings it is not clear whether the finding of the court was based on a finding of negligence or on a theory of insurer's liability.

There must be a new trial. *Finding for plaintiff vacated. New trial ordered.*

Norman B. Silk, of Boston, for the Plaintiff.
Joseph Saklad, of Boston, for the Defendant.