*Northern District*

No. 7642

## MARY E. KNOWLES

v.

## GILCHRIST'S DEPARTMENT STORE
and
## DEAN TRANSPORTATION CO., INC.

132

*Present:* Parker, P.J., Durkin, Mason, J.J.

Case tried to *King, J.* in the Municipal Court of the Dorchester District, No. 37550.

**Mason, J.** In this action of contract and tort, the plaintiff seeks to recover for loss of her furniture while in the possession of the defendant.

**At the trial there was evidence that** the defendant agreed to upholster certain pieces of furniture for a stated consideration. The furniture was delivered to the defendant's warehouse on November 2, 1968. There was a fire at the defendant's warehouse on November 3, 1968 and the furniture was never redelivered.

The defendant filed, and the court denied, the following requests for rulings:

1. On all the evidence a finding for the defendant is required.
2. On all the law, a finding for the defendant is required.
7. The evidence is insufficient to warrant a finding for the plaintiff as to the extent of her damage.

The court allowed request #3 that "On all the evidence a finding for the defendant is warranted", but that the court did not so find.

Where there is a refusal to deliver, the plaintiff may make out a *prima facie* case

upon proving the fact of non-delivery, because such refusal, if unexplained, is evidence of breach of contract. *Lubell* v. *Turner,* 314 Mass. 245, 248. *Bean* v. *Security Fur Storage Warehouse, Inc.,* 344 Mass. 674, 676-677.

In the instant case there is evidence to explain a reason for non-delivery and an impossibility of performance.

■. In the absence of contract increasing the liability of a bailee, there can be no liability for loss or damage without fault. *Perrault* v. *Circle Club, Inc.,* 326 Mass. 458, 459.

There being no such contract, the issue would be whether there is evidence that the loss occurred due to the negligence of the defendant. *Bean* v. *Security Fur Storage Warehouse, Inc.,* 344 Mass. 674, 675.

■. The burden of proving by a preponderance of the evidence that the defendant breached its bailment contract by negligently caring for the goods is upon the plaintiff. *Bean* v. *Security Fur Storage Warehouse, Inc.,* 344 Mass. 674, 677.

■. The trial judge must lay down correctly the pertinent rules of law for his own guidance, and having done that, he must follow those rules in making the findings of material facts upon the evidence. *John Hetherington & Sons, Ltd.* v. *William Firth Company,* 210 Mass. 8, 18. Rule 27 of the Rules of the District Courts (1965) as amended on October 1, 1970 requires that whenever any request for

rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.

■. A party by appropriate requests for rulings may challenge the sufficiency of the evidence to justify a judge's findings of fact decisive of an issue in a case, *Stella* v. *Curtis,* 348 Mass. 458; 460, 461, but may not require the judge to make findings of fact in the first instance. *Stella* v. *Curtis,* 348 Mass. 458, 461.

The defendant by request No. 3 was seeking a ruling that there was evidence sufficient to warrant a finding in its favor.

The trial judge correctly instructed himself by the allowance of the pertinent request for ruling but no special findings were made to the applicability of facts so found which would otherwise warrant a finding for the defendant.

■. Findings should not be disturbed and should not be reversed if they can be supported on any possible view of the evidence with all rational inferences that can be drawn. *M. DeMatteo Construction Co.* v. *Commonwealth,* 338 Mass. 568, 572, and may not be reversed unless there is no evidence to sustain them and they are plainly wrong. *McMahon* v. *Monarch Life Insurance Company,* 345 Mass. 261, 262.

■ The plaintiff argues that by establishing the fact that her furniture was destroyed by a fire in the defendant's warehouse, there was evidence introduced upon which the inference of negligence raised by the doctrine of *res ipsa loquitur* could be based, and therefrom the defendant's breach of the duty of care owed to the plaintiff.

We disagree that the elements generally required by the court, if it is to apply the doctrine of *res ipsa loquitur*, are clearly present.

The fact that the fire originated in the defendant's premises is not evidence that it was started by the defendant; nor is it evidence that the fire was caused by any negligence on its part.

The defendant is liable if its negligence caused the fire, but until its cause is known or fairly found from the evidence, the fire cannot be said to be due to the defendant's negligence. *Little* v. *Lynn & Marblehead Real Estate Company,* 301 Mass. 156, 160. *I. Baron & Sons, Inc.* v. *Eastern Storage Industrial Park Corp.,* 355 Mass. 245, 250, 251.

There was no evidence to warrant a finding that the fire started through an act or default of the defendant and in the absence of some act or omission in violation of a legal duty, there can be no negligence. *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 143.

The record does not demonstrate that the finding for the plaintiff was based upon evi-

dence legally sufficient to sustain such a finding. The denial of the defendant's requests was prejudicial error.

The finding for the plaintiff is to be vacated and a finding for the defendant is to be entered.

RICHARD BLUESTEIN,
    for Plaintiff
WILLIAM G. DOWNEY,
    for Defendant