*Southern District*
No. 63

## CHESTER G. DEXTER

### v.

## STEEL AND ROWE, INC.

Argued: July 20, 1973 - Decided: Oct. 18, 1973

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol No. 5841/70. Date of decision appealed from: February 5, 1973.

**Murphy, P.J.** This is an action of tort to recover for property damage allegedly sustained on March 13, 1969.

The plaintiff's declaration is in two counts. Count I, alleges that the property of the plaintiff while in the care, custody and control of the defendant was destroyed as the result of the defendant's negligence in permitting a fire to become ignited on the premises. Count II is for conversion.

The defendant's answer is a general denial; alleges that the damages were caused by an act of God; that the plaintiff assumed the risk; that the damages were caused by an act of a third person over which the defendant had no control; that the plaintiff has discharged the defendant from liability; that the action is barred by the Statute of Frauds; and that if the defendant ever owed the plaintiff anything, the plaintiff waived payment.

The plaintiff testified that he was the owner

of two cotton sails which he purchased in June of 1963; that these two sails were used summers on his sailboat; that it was his practice to have said sails checked and stitched by a sail mender every spring; that in the year prior to the loss of his sails he used the defendant to mend and inspect his sails; that on March 8, 1969, he gave to Robert T. Steele of the Steele and Rowe, Inc.,* the defendant, the two said sails in a paper bag to inspect and repair; that on or about March 13, 1969 he read of a fire at the defendant's business and called Robert T. Steele on the telephone; that said Robert T. Steele said that there had been a fire in which the plaintiff's sails were completely destroyed. Lastly, that he, the plaintiff, had no idea as to how the fire which destroyed his sails was started.

Robert T. Steele, president of the defendant corporation testified that he has been in the business of making and repairing sails for twenty years, that he did take from the plaintiff his two sails on March 8, 1969; that the two sails were in a paper bag; that he partially pulled the sails out of the bag in the presence of the plaintiff to look at them; that he repaired the plaintiff's sails on at least one other occasion in 1968; that on March 13, 1969, a fire broke out in his business. He and his wife were present, and that he and his wife were

---

* The docket entries describe the defendant corporation as Steel and Rowe, Inc.

applying glue to pieces of foam rubber as was customary in the trade. They were applying the glue in the same manner he had been doing for twenty years. He was cutting other pieces of foam rubber with a cutter as was customary in the trade and as he had been doing for twenty years; that the glue they were using was the type that he had been using for approximately twenty years. Prior to beginning this work, he had shut off the heater in the building and opened the windows and the doors so that the building was well ventilated. He heard his wife scream and call his attention to the fire. He doesn't know what caused the fire or how the fire started. His wife rushed to the house and called the fire department. He got the fire extinguisher and attempted to put out the fire, but it spread too rapidly. Lastly, the defendant testified that he salvaged what he could from the fire and that there were no heating devices or heaters in the immediate area.

At the conclusion of testimony, and prior to final argument, the plaintiff presented the following handwritten request for ruling.

"That once the plaintiff bailor, proves delivery of the property to the bailee, defendant, in good condition and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or

destruction. See *Knowles* v. *Gilchrist Company,* 1972 AS 1783.''

The defendant also presented requests for rulings. We concern ourselves only with requests numbers 3, 6 and 7, the plaintiff having waived any objection to the allowance of the other requests. They read as follows:

''3. That upon all the evidence the defendant is entitled to a [finding] on the issue of negligence.

6. That upon all the evidence the defendant is entitled to a [finding].

7. That upon all the evidence a [finding] for the defendant is warranted.''

All of the requests for rulings for both plaintiff and defendant were allowed and a finding for the defendant was entered along with a memorandum of findings of fact by the court.

The defendant filed a claim for a report on the issue of damages, and which the court declared moot because of the finding for the defendant.

The report states that it contains all the evidence material to the question[s] reported.

The plaintiff claims to be aggrieved by the finding for the defendant and by the allowance of the defendant's requests for rulings numbers 3, 6 and 7.

The question of whether or not the defendant was in the exercise of due care and/or negligent is a question of fact for the trial judge; and such a finding imports a finding of

all the subsidiary facts necessary to support it. *Moss* v. *Old Colony Trust Co.*, 246 Mass. 139; *Heil* v. *McCann*, 359 Mass. —— (1971), where the court said: "When an action at law is tried without a jury, the judge occupies a dual position: he is the magistrate required to lay down correctly the guiding principle of law; he is also the tribunal compelled to determine what the facts are. *Hetherington & Sons, Ltd.* v. *William Firth Co.*, 210 Mass. 8, 18. His findings are to stand if warranted in law upon any reasonably possible view of the evidence, and the only question for this Division to review on denial of a request like the defendant's request No. 1 is whether upon the evidence, with all rational inferences which might be drawn therefrom, a finding for the plaintiff can be sustained. *Moss* v. *Old Colony Trust Co.*, 246 Mass. 139, 142. The Appellate Division was subject to the same restrictions; it could not review the judge's findings of fact as such. G.L. c. 231, §§ 108-110. See *Kelsey* v. *Hampton Court Hotel Co.*, 327 Mass. 150, 152; *Elliott* v. *Warwick Stores, Inc.*, 329 Mass. 406, 409-410."

 The trial judge made the following findings of fact:

"I find that the plaintiff left with the agent of the defendant corporation a main sail and working jib in a sail bag on March 8, 1969, for repairs. I find that on March 13, 1969, at 2:45 p.m. the defendant corporation had a fire on

their premises and the sails were destroyed. I find that the defendant's agent has proven by a fair preponderance of the evidence that he was in the exercise of due care at the time of the outbreak of the fire. I find that he was using glue to put certain cushions together but had turned out his space heater and there is no evidence that he was negligent.''

This finding is decisive of the case, in our opinion.

Under the ruling in *Knowles* v. *Gilchrist*, 1972 Adv. Sheets 1783 (cited by the plaintiff in his handwritten request for ruling), the burden is on the defendant to affirmatively prove that he was not negligent and that he was in the exercise of due care and this must be proved by a preponderance of the evidence, and the burden of going forward with the evidence falls upon the defendant. See *Bean* v. *Security Fur Storage Warehouse, Inc.*, 344 Mass. 674. This request was allowed by the judge.

In the *Knowles* case, furniture had been left with Gilchrist Company for reupholstering and repair on one day and the fire occurred the next day without more; and the Supreme Court in sending it back for a new trial stated as above set forth that, ''. . . the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction.'' There was no

evidence at all of due care or negligence in that case.

In the case before us there is reported evidence to justify a finding for the defendant. There was evidence that the defendant had opened the windows, that he had shut off the heater, that he was working as usual with glue and foam rubber as he had done for 20 years, that there was a fire extinguisher on the premises and that he had used it to try and extinguish the fire. This is evidence far beyond what was reported in the *Knowles* case, and as said above, the trial judge found it sufficient to justify a finding for the defendant.

At first blush, it would appear that by allowing the plaintiff's handwritten request, and request number 3 of the defendant, the trial judge has erred, but a close examination of the requests reveals otherwise.

It is apparent from the record as a whole that the judge, by granting the defendant's request number 3, did not intend to rule that the evidence did not warrant a finding for the plaintiff, but rather that he intended to find, and did find, that regardless of that, the defendant had proven by a preponderance of the evidence that he was in the exercise of due care. *Howard* v. *Malden Savings Bank,* 300 Mass. 208-211; *Winchester* v. *Missin,* 278 Mass. 427-428; *Knowles* v. *Gilchrist,* cited supra, and cases cited. Such a finding is permissible on the evidence, even though it is tantamount to

a ruling that a finding for the defendant is required.

With respect to requests for rulings numbers 6 and 7, they could have been denied as not being in compliance with Rule 27 of the District Court Rules, 1965, as amended.

While the allowance of the defendant's requests only tends to confuse the record, since the judge made specific findings of fact for the defendant, such allowance does not constitute prejudicial error. The judge considered all facets of the case and the report so indicates. The record also indicates that he was aware of and considered the law as set forth in the *Knowles* case in arriving at his decision. While it is true that the circumstances surrounding the fire could have been more detailed, to send this back for a new trial because of that fact or because of any alleged error in the allowance of these requests would be an exercise in futility.

We are satisfied there was no prejudicial error, and an order should be entered **dismissing the report.**

DARLING & McLAUGHLIN
 for Plaintiff

PERRY, HICKS & McCAWLEY
 for Defendant