*Southern District*

## No. 109

# CHESTER PLASKO
### v.
# JOHN L. ORSER

Argued: July 1, 1975. Decided: October 10, 1975.

Case tried in the District Court of Northern Norfolk. Number: 02619.

Present: Murphy, P.J., Lee, Tamkin, J.J.

**Murphy, P.J.** This is an action of contract based on a negotiable promissory note dated May 17, 1971.

The plaintiff's declaration, as amended, states "that the defendant has paid $5300 on account of said note and that the last payment was made on or about December 7, 1973; Wherefore the plaintiff says that defendant owes the plaintiff the unpaid balance of $2200 plus interest on $7500 from May 17, 1971, the date of said note, plus reasonable attorney's fee as provided in said note."

The defendant's answer was a general denial and payment in full.

The defendant was defaulted for failure to answer interrogatories propounded by the plaintiff to the defendant and the case was set down for hearing on assessment of damages. Subject to the plaintiff's objections and claim of report that the testimony be confined to reasonable attorney's fee, the defendant was allowed to testify on the question of damages other than reasonable attorney's fee. The plaintiff did not testify.

At the close of the evidence on the hearing of assessment of damages, the plaintiff filed the following requests for rulings of law:

1. Where the plaintiff's declaration sits (sic) forth that the action is founded on a promissory note under seal to pay $7500, a sum certain with interest at 6% per annum and in the event of default a reasonable attorney's fee to be super added as costs of collection and that $5300 has been paid on account of said note

leaving a balance of $2200 plus interest at 6% per annum on $7500 from May 17, 1971, the only issue before the court on a hearing for assessment of damages, after the defendant had been defaulted, is the amount to be determined and assessed as reasonable attorney's fees which is to be added to amount declared on as due and owing the plaintiff. *Norwood Morris Plan Co. v. McCarthy,* 295 Mass. 597.

**2.** Parol evidence is inadmissible to vary the terms embodied in a note even as between the original parties to the note. *Starks v. O'Hara,* 266 Mass. 313.

**3.** As a matter of law the plaintiff is entitled to recover $2200 plus interest on $7500 from May 17, 1971, plus reasonable attorney's fee as costs of collection.

The court made the following rulings on the plaintiff's requests:

1. Inapplicable. This is a correct statement of the law on the basis of the facts contained in the request. However, I find that it is implicit in the note that the the installment after reciting both the principal est then due and the balance applied to principal, the interest to be computed on the unpaid balance.

2. Granted as a correct statement of the law.

3. Denied, as this requires a finding of fact as well as a ruling of law. See No. 1.

The court made the following finding:

"I assess damages for the plaintiff in the sum of Two Thousand Five Hundred Eighty-eight Dollars and Eighty-one Cents ($2588.81) including principal and interest to the date of the writ, with interest from the date of the writ, together with an attorney's fee in the sum of Three Hundred Seventy-six Dollars and Fifty-two Cents ($376.52)."

[■■ It would appear that not only was testimony admissible on the question of the amount due under

the note, it was mandatory before any assessment of damages could be made on any interpretation of the note. *Solomont v. Murphy,* 40 Mass. App. Dec. 22.

The only possible interpretations of the note are that it requires either that each $100 installment be applied first to the interest then due, or that each be applied first to principal. The former alternative is clearly the case since the note recites the amount of amount and the provision for interest, thereby implicitly (if not explicitly) including both principal and interest then due in each $100 installment. *Strong v. Stoneham Cooperative Bank,* 357 Mass. 662. *Phinney v. Turcotte,* 338 Mass. 728, 729.

Plaintiff's prayer for interest on the original amount of principal, from the date of the note without regard to the payments made, is patently overreaching in face of his substantive allegation in the declaration, which is taken as true, that payments totaling $5,300 had been made. We agreed with the justice in his finding that interest should be computed "on the unpaid balance."

If as the plaintiff contends he was entitled to interest on the entire principal of $7,500 from May 17, 1971, this could have been set forth in the note in specific terms thereby avoiding any question concerning the matter of interest.

The plaintiff did not testify so we have no evidence from him with respect to his interpretation of the note, and there is no evidence reported except on the question of damages, i.e., the amount due under the note. This further justifies the trial justice's computation as warranted. *Deneberg v. Jurad,* 300 Mass. 488.

The plaintiff in his brief attempts to differentiate this case from the *Phinney v. Turcotte,* 338 Mass. 728, because in that case the note was payable in or within 10 years and in the present case it was not so provided.

We disagree with his reasoning and conclusion in that regard in so far as it has any bearing on the question before us.

The justice's specific findings of fact must be sustained unless they are plainly wrong. [*Knowles v. Gilchrist Dept. Store*, 47 Mass. App. Dec. 131]. *Moss v. Old Colony Trust Co.*, 246 Mass. 139. *Heil v. McCann*, 1971 Adv. Sheets 1675.

We find no prejudicial error in the denial of plaintiff's requests for rulings Nos. 1 and 3; therefore, an order is to be entered dismissing the report. **So Ordered.**