LILLIAN A. LITTLE *vs.* LYNN & MARBLEHEAD REAL ESTATE COMPANY.

NATIONAL DEVELOPMENT COMPANY *vs.* SAME.

Essex: April 7, 1938. — September 13, 1938.

Present: LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence,* Fire, One owning or controlling real estate, In storage of inflammables. *Fire. Landlord and Tenant,* Nuisance, Liability of landlord to third person. *Nuisance. Inflammable Substance.*

The mere fact that a fire originated in a factory was not evidence that it was started by the owner or was caused by negligence on his part.

An action could not be maintained for losses caused by a fire of an unknown origin in a factory of the defendant being communicated to a building of the plaintiff in the absence of evidence showing that a failure to confine the fire to the defendant's premises was due to his negligence, or that a condition of the defendant's premises that was unlawful or was due to his negligence contributed to the fire's being so communicated, or that the defendant negligently failed to provide adequate means for extinguishing the fire.

That the owner of a factory was negligent in failing to prevent a fire therein of unknown origin being communicated to a neighbor's building could not properly be found where it did not appear that he had notice of the fire before it caused damage to the neighbor's building.

The mere facts, that a tenant of a factory building without a permit required by G. L. (Ter. Ed.) c. 148, § 13, stored inflammables on a portion of the premises in his possession and control, which was a cause contributing to communication of a fire in the factory to a neighbor's building, did not warrant a finding that a consequent loss to the neighbor was due to negligence of the owner of the factory, where it did not appear that he knew that such inflammables were on the premises; nor was he liable to the neighbor for the nuisance so maintained by the tenant.

Failure of the owner of a factory to require an independent contractor to work overtime to complete repairs of a sprinkler system which resulted in the system not being in working order so that it could prevent a fire on the premises being communicated to a neighbor's building, could not properly be found to constitute negligence on the part of the owner of the factory where it did not appear that he knew of the presence of inflammables on the premises or other particular source of danger.

Two ACTIONS OF TORT. Writs in the Superior Court dated February 19, 1935.

The actions were tried together before *F. T. Hammond*, J.

*J. W. Sullivan & J. F. Doyle*, for the plaintiffs, submitted a brief.

*P. Shuebruk*, (*C. C. Cabot* with him,) for the defendant.

DOLAN, J. These are two actions of tort which were tried to a jury. At the close of the plaintiff's evidence in each case, the judge allowed a motion of the defendant for a directed verdict in its favor on each count of the declaration, and reported his action for the consideration of this court. Under the terms of the report in each case, if the action was correct judgment is to be entered for the defendant; otherwise a new trial is to be ordered.

The evidence in its aspect most favorable to the plaintiffs would have warranted the jury in finding the following facts. On January 30, 1935, the plaintiff Little was the owner of a parcel of land and a building thereon in the city of Lynn, in which building was stored certain personal property of the plaintiff corporation. The defendant was the then owner of a factory building which adjoined that of the plaintiff Little. The defendant's building was equipped throughout with an automatic sprinkler system. During the night of January 28, 1935, the fire department of the city of Lynn, having been informed that there was a leak in the sprinkler system in the defendant's building, in accordance with its usual practice shut off the water supply to that building. About 8 or 8:30 A.M. on January 29, the chief of the fire department notified the defendant's agent, Farquhar, who was in charge of the building, that the water had been shut off and that the sprinkler system needed to be repaired "before the water could be again turned into the pipes." Between eleven and twelve o'clock in the forenoon of the same day, Farquhar instructed R. T. Pender, Inc., a corporation carrying on a plumbing and steam-fitting business, to make the necessary repairs. At 1 P.M. an experienced steam fitter and helper employed by this corporation proceeded to make repairs. They suspended their labors at 4:30 P.M., the regular hour for ceasing work under the rules of their employer, without having completed the necessary repairs. The work could have been completed

in four to five hours; and, had the workmen continued their labors, the employer would have paid them for the overtime, which would have been charged to the defendant.

About 4 A.M. of the next day, January 30, fire was discovered in the defendant's building, and shortly after the arrival of the fire department there was an explosion which wrecked the building. The fire spread to the building of the plaintiff Little and damaged it substantially, as well as its contents belonging to the plaintiff corporation. There was evidence from which it could have been found that, had the defendant's sprinkler system been in working order, the fire would have been confined to its premises. At the time of the fire, parts of the defendant's building were occupied as tenants by two corporations which carried on the business of manufacturing and covering wooden shoe heels. In the course of their business they used and stored various materials or fluids of an inflammable nature, such as celluloid, naphtha and benzine. One of these tenants did not have a permit from the city council for the storage of inflammables, but its premises were regularly inspected by the fire department. The fire department assumed the existence of such a permit or license, and would not have permitted the use of the inflammables unless the building was equipped with an adequate sprinkler system. The defendant's agent, Farquhar, was familiar with the management of real estate and with the operation and efficacy of sprinkler systems. He was aware at the time of the fire that there was a commission in the city of Lynn which supplied watchmen for buildings in times of emergency or otherwise, and of the availability of watchmen. The defendant kept no watchman regularly, and, on the night preceding the fire, its elevator operator, who also acted as a "handy man," went home at 5 P.M. and at 10 P.M. returned and attended to the fire under the boiler. This was a regular procedure. Farquhar made no inquiries as to the progress of the repair work being done on the sprinkler system, and at the close of the business day preceding the fire went home. Up to the time of the fire no information was sought by or furnished to him as to whether the work

had been completed. "When the city firemen first went to the [defendant's] building on the night of January 28th [*sic*], they found a man walking around in there and some time after the fire the remains of a human being were found in the building and a man employed in one of the wood heel working concerns, who were tenants in the building, was later discovered to be missing and was never found." It is stated specifically in the report that there was no evidence from which the cause of the fire could be determined. This statement is not inconsistent with the evidence just referred to with reference to the missing employee of one of the defendant's tenants. Any assumption that the missing man was the one seen in the building, and that he caused the fire, would be mere conjecture. The fact that the fire originated in the defendant's premises is not evidence that it was started by the defendant; nor is it evidence that the fire was caused by any negligence on its part. See *Wallace v. New York, New Haven & Hartford Railroad,* 208 Mass. 16, 19–20; *Conley v. United Drug Co.* 218 Mass. 238, 241; *World Fire & Marine Ins. Co. v. Alliance Sandblasting Co.* 105 Conn. 640, 644–645; *Linn v. Barker,* 106 Maine, 339; *Catron v. Nichols,* 81 Mo. 80; *Cosulich v. Standard Oil Co. of New York,* 122 N. Y. 118, 123. The defendant is liable if its negligence caused the fire, "but until its cause is known or fairly found from the evidence . . . [the fire] cannot be said to be due to . . . [the defendant's] negligence." *Stewart v. DeNoon,* 220 Penn. St. 154, 161.

As there is no evidence to warrant a finding as to the cause of the fire, the defendant is not liable unless the losses sustained by the plaintiffs were the result of some negligence on its part in failing to confine the fire to its premises, or in respect to a contributing condition of its premises, or in failing to provide adequate means for extinguishing the fire. See *Wallace v. New York, New Haven & Hartford Railroad,* 208 Mass. 16, 18; *Denver v. Porter,* 126 Fed. 288, 290; *Sauczcuk v. Frankoski,* 100 Conn. 700; *Spence v. Price,* 48 Idaho, 121, 128; *State v. Phillips,* 176 Minn. 472, 478–479; *Walters v. Mason County Logging Co.* 139 Wash. 265, 271; *Orander v. Stafford,* 98 W.

Va. 499, 501. See also *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536; *Lothrop* v. *Thayer,* 138 Mass. 466, 470–471, and cases collected in 42 A. L. R. 783, 814; 111 A. L. R. 1140, 1148. Compare *King* v. *Norcross,* 196 Mass. 373, 374; *White* v. *Sharpe,* 219 Mass. 393, 396; *Herrick* v. *Springfield,* 288 Mass. 212, 215. Since there was no evidence to warrant a finding that the fire started through an act or default of the defendant, there could be no obligation on the defendant's part to exercise reasonable care to prevent its escape until the defendant was aware of its existence. See *Farrell* v. *Minneapolis & Rainy River Railway,* 121 Minn. 357, 362; *Baird Bros.* v. *Chambers,* 15 N. D. 618, 620; *Walters* v. *Mason County Logging Co.* 139 Wash. 265, 271. It does not appear from the report that the defendant had notice of the fire before damage resulted therefrom to the plaintiffs' properties. In consequence, it cannot rightly be said that the defendant was negligent in failing to prevent the spread of the fire. In the absence of "some act or omission in violation of a legal duty" there can be no negligence. *Royal Indemnity Co.* v. *Pittsfield Electric Co.* 293 Mass. 4, 6, and cases cited.

The plaintiffs, however, have argued that it is evident that the defendant knew that various inflammable materials were stored in its building, and that one of its tenants did not have a permit or license to store such materials. The evidence reported does not disclose such knowledge on the part of the defendant. The premises where the inflammables were stored were in the possession and control of the tenant. If a dangerous condition was thus created, it was the result of the tenant's act, not shown to have been known to the defendant. In such case, in the absence of evidence to show that the defendant reserved the right to ascertain that they were properly used, it cannot be held that it was guilty of negligence with relation to the condition of the premises rented to the tenant. See *Maloney* v. *Hayes,* 206 Mass. 1, 3. Even should it be deemed that the storage of the inflammables was a nuisance because of the failure of the tenant to procure a permit or license therefor, the nuisance would be the result

of the act of the tenant alone in premises not in the possession and control of the defendant. In such case, where the premises could be used by the tenant in the manner intended without becoming a nuisance, the defendant is not liable for the wrongful acts of its tenant. See *Anderson v. Kopelman*, 279 Mass. 140, 145–146. While under the provisions of G. L. (Ter. Ed.) c. 148, § 13, a license from the local licensing authorities is required for the storage in any building of certain inflammable substances, including those kept by the defendant's tenants, no liability can attach to the defendant because of the failure of one of its tenants to have such a license. It was the tenant and not the defendant who stored the inflammables. There is no general provision in c. 148, that the owner of a building in which inflammables are stored shall cause the requirement. to be complied with, as is provided, with reference to other subject matters relating to buildings, in G. L. (Ter. Ed.) c. 143, § 51. Nothing in the statutes indicates that the common law rule of nonliability of the landlord for a nuisance caused by the tenant is affected thereby.

The plaintiffs have argued that the defendant was negligent in failing to keep its sprinkler system in good order. The evidence reported, however, does not warrant a finding that the defendant knew of the storage of the inflammable materials on its premises and that reasonable care required the installation and maintenance of an automatic sprinkler system therein. Not having been shown to have knowledge of any particular danger of fire, the defendant was not obliged to take precautions to guard against it. See *Jones* v. *Granite Mills*, 126 Mass. 84, 88; *Bellows* v. *Worcester Storage Co.* 297 Mass. 188, 194. Although G. L. (Ter. Ed.) c. 148, § 26, provides that buildings in which benzine, naphtha or other specified substances are stored shall, upon the order of the State fire marshal, be equipped with automatic sprinklers, there is no evidence that any such order had been given to the defendant and its tenants (G. L. [Ter. Ed.] c. 148, § 29). Hence it is not shown that there was a statutory duty on the defendant to maintain a sprinkler system.

We are of opinion that the action of the judge in directing verdicts for the defendant was correct, and in accordance with the terms of the report the entry in each case will be

*Judgment for the defendant.*