*Municipal Court of the City of Boston*

No. 111261
**ANNA COX**
**AND**
**MARY COX**
v.
**NEW ENGLAND AUTO PARKING SYSTEM, INC.**
(March 5—March 11, 1965)

*Present*: Adlow, C. J., Morrissey & Foster, JJ.
Case tried to *Lewiton, J.*

*Adlow, C. J.* Action of contract or tort for recovery for damages to a motor car left by the plaintiff at the defendant's parking lot.

The defendant owned and operated a parking lot in the city of Boston, located in an area bounded by Washington, Hollis, and Dore Streets. The lot could accomodate 223 cars. On October 24, 1963 the plaintiff brought her car to this parking lot, left it with an attendant, and as required by the defendant left her keys in the car. Access to the lot from adjoining streets was obtained through five openings in a five-foot chain link fence which surrounded the lot. There were two attendants on duty during the day. After four p.m. on the day in question, three of the exits were barred by chain barriers. One attendant named Price was on duty at the Hollis Street end of the lot where two of the exits remained open. About 5:00 p.m. Price saw a car going through a chain barrier on the opposite side of the lot breaking the chain. When the plaintiff arrived at five o'clock to get the car, it was missing. It was agreed that the car was stolen from the lot. In this action the plaintiff seeks to recover for the damage to her car.

At the close of the evidence the defendant filed nine requests for rulings of law which in effect requested the court to rule that the

evidence did not warrant a finding for the plaintiffs on the counts in contract or tort, and further requested the court to rule that the evidence required a finding for the defendant on all counts. To the refusal to so rule the defendant brings this report.

There was no error. It is rather significant that several of the cases cited by the defendant in support of his claim that the evidence required a finding for the defendant were suits against bailees for hire, and in each of these cases there was a finding for the plaintiff. *Greenberg v. Shoppers Garage, Inc.,* 329 Mass. 31; *Bean v. Security Fur Storage Warehouse,* 344 Mass. 674.

■ While the defendant was not an insurer of the automobile, as a bailee for hire he was bound to use reasonable care in safeguarding the plaintiff's property.

■ Whether he used such reasonable care was a question of fact for the trial judge to determine. *Sandler v. Commonwealth Station Co.,* 307 Mass. 470, 474.

In our opinion the facts in the cause under review bear a marked resemblance to the facts in the *Sandler* case.

There was no error. *Report Dismissed.*

Albert Escott, of Boston, for the Plaintiff.

Lyne, Woodward & Evarts, of Boston, for the Defendant cited: *Sontier v. Kaplow,* 330 Mass. 448 and *Perrault v. Circle Club, Inc.,* 326 Mass. 458.