**W. A. McELROY et al., Appellants,**

**v.**

**GENERAL TEXAS ASPHALT COMPANY,**
Appellee.

No. 4682.

Court of Civil Appeals of Texas.

Waco.

April 18, 1968.

Rehearing Denied May 9, 1968.

Christopher & Bailey, M. Ward Bailey, Fort Worth, for appellants.

Matthews & Thorp, Robert E. Davis, Dallas, for appellee.

OPINION

WILSON, Justice.

The owners of an asphalt distributor, appellants-plaintiffs, delivered it to a road contractor, appellee-defendant, under a lease-purchase option agreement. While being used by defendant it was damaged

by fire. Plaintiffs sued for rentals, and alternatively for the contract price, contending defendant had by its conduct exercised the option to purchase. Alternatively they sued for the market value of the equipment, alleging conversion; and further in the alternative, for damages to the equipment alleged to have been proximately caused by negligence of defendant as bailee.

The jury absolved defendant of negligence, found the damage was the result of an unavoidable accident and fixed the market value of the machine at the time it was delivered to defendant at $4500. The court overruled plaintiffs' motion for judgment non obstante veredicto and to disregard findings and rendered judgment on the verdict that they take nothing.

Plaintiffs' primary contention is that they were entitled to an instructed verdict and judgment for either the contract price less rental paid, or the market value of the distributor at the time of delivery to defendant. They say: "It is appellants' contention that appellee, in failing to return the vehicle as the contract provided, and by retaining it on its lot after the fire" and by removing its radiator, transmission and motor without making repairs and replacements, exercised its option to purchase under the contract, and is liable for the contract price less rental paid, or market value.

The chief argument is based on the premise that defendant kept the vehicle and failed to return it. Defendant's response is that plaintiffs "took the position that they did not want the burned out salvage returned to them, but wanted the full contract purchase price." There is a jury finding, the significance of which is not suggested, that plaintiffs "advised defendant that they did not desire less than the full purchase price." Even if the evidence supports the finding, it appears not to constitute an element of any ultimate issue, since plaintiffs do not now rely on a conversion cause of action. We

suppose the issue is intended as a basis for excusing defendant's failure to make repairs or to return the equipment. These contentions, in our opinion, are not controlling under the record.

■ Plaintiffs' right of recovery is governed by the general law of bailments, unless rights under that law are modified by contract. The general rules here applicable governing bailments for mutual benefit or for hire are that when property is delivered to the bailee in good condition, and the bailee fails to return it in such condition, the burden is upon the bailee to explain his failure. When he shows the property was damaged or destroyed by fire, the burden is upon the bailor to establish by a preponderance of the evidence that the loss by fire was a proximate result of bailee's negligence. Irish v. Virdell, Tex.Civ.App., 379 S.W.2d 935, 937, writ ref.

■ In the present case the bailor failed to meet that burden under the jury findings, which, in our opinion, were authorized by the evidence. Consequently, if there is any basis of recovery it must be found in contractual provisions enlarging the bailee's liability. Stringer v. Yarbrough, Tex.Civ.App., 378 S.W.2d 416, writ ref. n. r. e.; Irish v. Virdell, above; West v. Slaughter, Tex.Civ.App., 384 S.W.2d 185, writ ref. n. r. e. (Rules stated in cases relied on by plaintiffs here involve gratuitous bailments, not bailments for hire.)

Plaintiffs point to no provision of the contract which would add to bailee's obligations otherwise implied by law. There is a requirement that defendant lessee "agrees to make all necessary repairs and replacements at his own cost and expense", but appellant neither relied on it as a basis for recovery below nor claims it as a basis for reversal here.

Since appellants do not now seek recovery for conversion (no element of which is established), since the case was

not tried on that theory, and since liability is not sustainable under the general law of bailments or by any contractual provision on which recovery is sought, the judgment on appellants' prayer for damage is proper as against the substantive complaints made.

Appellants have several points involving objections to the court's charge. It does not appear they were presented to or acted on by the court as required by the Rules of Civil Procedure. All points have been considered and are overruled. Affirmed.