MARY E. KNOWLES *vs.* GILCHRIST COMPANY & another.

Suffolk. September 13, 1972. — November 28, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Bailment. Evidence*, Presumptions and burden of proof, Burden of going forward. *Negligence*, Bailee.

Following a discussion by Tauro, C.J., of the earlier law concerning the burden of proof in bailment cases it was held that henceforth, once a bailor proves delivery of property to a bailee in good condition and a failure to redeliver the property upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the loss or destruction of the property. [650–652] BRAUCHER, J., dissenting in part.

CONTRACT OR TORT. Writ in the Municipal Court of the Dorchester District dated August 11, 1969.

The action was heard by *King*, J.

*James J. Cotter, III* (*Paula W. Gold* with him) for the plaintiff.

*William G. Downey* (*Edwin R. Trafton* with him) for the defendant Gilchrist Company.

TAURO, C.J. The plaintiff (bailor) in an action of tort and contract in the Municipal Court against the

defendant Gilchrist Company (bailee) seeks to recover damages for loss of certain articles of furniture in the bailee's possession pursuant to an agreement by the bailee to reupholster and return furniture to the bailor. There was a finding for the bailor in the amount of $800.[1] The bailee claimed a report to the Appellate Division on the basis of the judge's refusal to allow the following requests for rulings. (1) On all the evidence a finding for the bailee is required. (2) On all the law, a finding for the bailee is required. (7) The evidence is insufficient to warrant a finding for the bailor as to the extent of her damage. The Appellate Division vacated the Municipal Court's finding for the bailor and ordered judgment for the bailee. The bailor appeals.

The Appellate Division rested its decision on the basis of our cases which have held that the bailor has the burden of proving by a fair preponderance of the evidence that the bailee broke the bailment contract by its negligence in caring for the goods. The Appellate Division decided that denial of the bailee's requests for rulings was error because the bailor introduced no evidence that the loss was caused by the bailee's negligence.[2]

We think the Appellate Division's decision requires a re-examination of the Massachusetts common law rule which places on the bailor the burden of proving that the bailee negligently broke its bailment contract. Well established case authority in Massachusetts and in most other States has followed this rule despite the obvious problems in situations where, because the property was in the bailee's exclusive possession, the bailor has no knowledge of or access to the facts concerning its loss.

Originally, Massachusetts case law made a distinction between tort and contract actions in deciding where the burden of proof would be fixed. In *Cass* v. *Boston & Lowell R.R.* 14 Allen 448 (1867), the plaintiff bailor

---

[1] The District Court found for the codefendant Dean Transportation Company, Inc.

[2] The bailor concedes that the articles of furniture were destroyed by fire while in the hands of the bailee.

brought a contract action against a warehouseman to re-
cover for the bailee's failure to return the goods entrusted
to it.   This court held that when the bailor alleged and
proved that the bailee had received the bailor's property
and failed to deliver it upon timely demand, the bailee
had the burden of proving that the goods had been lost
without any fault on its part.   The pleadings were held
to be decisive on the issue of burden of proof.   This court
noted that "[t]he instructions of the court [as to the
burden of proof] of course must correspond to the form
of the action.   The rule which has been often stated, that
a decision should not be made to turn upon the state of
the pleadings, . . . has no application to the case"
(p. 451).   Since the bailor had sued in *contract*, he had
not alleged that the bailee was negligent.   The *Cass*
opinion placed the burden of proving the absence of
negligence on the party who alleged it in its pleadings,
namely, the bailee.   This line of reasoning led the court
to conclude that the burden of proof lies on the *bailor* in
tort actions because the bailor must allege negligence in
his pleadings.   The court concluded, "[W]hen a plaintiff
founds his action upon negligence, or a culpable omission
of duty, the burden is upon him to establish it by proof"
(pp. 451–452).   However, since the plaintiff in the *Cass*
case had sued in contract, the defendant bailee ·had to
"show an excuse for the non-performance of . . . [its]
promise; and the burden of proof was upon . . . [it] to
establish . . . [its] excuse."   The *Cass* case, *supra,* at
452.

Thus, the majority opinion in the *Cass* case created a
rule predicated on the art of pleading.   The application
of this rule to cases decided before the *Cass* case, *supra,*
produced conflicting results.   The *Cass* opinion reaffirmed
*Lamb* v. *Western R.R.* 7 Allen 98, despite the fact that
the *Lamb* case had held that the plaintiff bailor had the
burden of proving the bailee's negligence in its breach
of contract count as well as in its tort count.   The *Cass*
court explained this contradiction by noting that in the
*Lamb* case, the contract count, as well as the tort count,

had alleged the defendant bailee's negligence in caring for the goods. As a result of this court's majority ruling in the *Cass* case (until *Willett* v. *Rich*, 142 Mass. 356), allocation of the burden of proof depended on the relative skills of the attorneys for the parties in drafting the pleadings. The bailor could place the burden of proving the absence of negligence on the bailee simply by suing in contract and not alleging negligence on the bailee's part.

Chief Justice Bigelow in his dissenting opinion in the *Cass* case also relied on a pleading rationale to allocate the burden of proof. His position was that ultimately the plaintiff bailor had to show a want of due care on the bailee's part to prove that the bailee breached his contract. Since the bailee "did not agree to keep or deliver the property absolutely and unconditionally, if nothing else is shown but a failure to deliver it, without any facts from which negligence can be inferred, the plaintiff stops short in establishing any ground for recovery." The *Cass* case, *supra*, at 456. Although he attacked the majority's ruling which resolved the issue by looking to the *format* of the pleadings, Chief Justice Bigelow adopted a parallel premise that the burden of proving all the essential elements of any cause of action lies on the party that *pleads* that cause of action. In his view, since the bailor must ultimately claim negligence when the bailee alleges impossibility as a defence to non-delivery, the burden of proving the bailee's negligence must lie on the bailor.

Just twenty years later, this court adopted Chief Justice Bigelow's dissent as the law and in effect overruled the *Cass* case in the *Willett* case. In the *Willett* case, this court reversed on the basis of a trial court's instruction which placed the burden of proof in a breach of contract suit on the bailee to show that the damage to the bailed property occurred without his fault. The court noted (p. 357) that "[t]he fundamental rule as to the burden of proof is, that, whenever the existence of any fact is necessary in order that a party may make out his case or establish a defence, the burden is on such party

to show the existence of such fact." Thus, the *Willett* case established the rule, which is followed by most other jurisdictions, that the bailor has the burden of proving the bailee's negligence, regardless of whether the bailor's action sounds in tort or contract.

One serious problem created by fixing the burden of proof on the bailor is well illustrated by this court's decision in *Little* v. *Lynn & Marblehead Real Estate Co.* 301 Mass. 156. In a case with very similar facts to those in the instant case, the bailor sued the bailee after a fire in the bailee's premises destroyed the bailor's property. The bailee introduced evidence which established only that the fire prevented the return of the bailed property to the bailor. This court noted, "The fact that the fire originated in the defendant's premises is not evidence that it was started by the defendant; nor is it evidence that the fire was caused by any negligence on its part. . . . [Citations omitted.] The defendant is liable if its negligence caused the fire, 'but until its cause is known or fairly found from the evidence . . . [the fire] cannot be said to be due to . . . [the defendant's] negligence.' *Stewart* v. *DeNoon*, 220 Penn. St. 154, 161." The *Little* case, *supra*, at 159. Under this rule, since the bailor has the burden of proving the bailee's negligence, the bailee can simply plead impossibility as a defence, introduce evidence of a fire and rest as the bailee did in the instant case, even though the bailee may be the only party with access to the facts surrounding the loss.

In response to the obvious inequities and difficulties created by fixing the burden of proof on the bailor, recent decisions by State and Federal courts have held that the bailor can establish an inference or presumption of negligence merely by showing a bailment and failure to deliver by the bailee. Once the bailor makes this showing, the burden of *production* shifts to the bailee to go forward with evidence to rebut this presumption. See *Buntin* v. *Fletchas*, 257 F. 2d 512 (5th Cir.) ; *Moss* v. *Bailey Sales & Serv. Inc.* 385 Pa. 547; *Trammell* v. *Whit-*

*lock,* 150 Texas 500. The United States Supreme Court adopted this procedure for proof of negligence in *Commercial Molasses Corp.* v. *New York Tank Barge Corp.* 314 U. S. 104. The court noted (pp. 110–111) that, in exclusive bailment cases, "the burden of proving the breach of duty or obligation rests upon him who must assert it as the ground of the recovery which he seeks . . . . Since the bailee in general is in a better position than the bailor to know the cause of the loss and to show that it was one not involving the bailee's liability, the law lays on him the duty to come forward with the information available to him. . . . It does not cause the burden of proof to shift, and if the bailee does go forward with evidence enough to raise doubts as to the validity of the inference [of negligence on the bailee's part], which the trier of fact is unable to resolve, the bailor does not sustain the burden of persuasion which upon the whole evidence remains upon him, where it rested at the start."

This court followed the Supreme Court's lead in *Bean* v. *Security Fur Storage Warehouse, Inc.* 344 Mass. 674. Noting the unfairness of a rule which allowed the bailee to remain silent despite the fact that the bailed property was lost or damaged while in its exclusive control, we held, "While the burden of proving negligence would continue to rest upon the plaintiff, the receipt of the coat by the defendant and its disappearance while in the possession of the defendant, which offers no explanation of the disappearance, would permit a finding that the defendant was negligent. . . . [T]his means that the burden of going forward with the evidence falls upon the defendant." The *Bean* case, *supra,* at 676.

Although this court has never specifically addressed the precise question whether the bailee has to offer more evidence than the mere existence of a fire of unknown origin or other exculpatory cause to satisfy his burden of production, our holding in the *Little* case, *supra,* suggests that the burden of production imposed on the bailee is a minimal one which is satisfied by evidence of an ex-

culpatory cause for the loss of the bailed property. Thus, it appears that our cases have adopted the rule followed by a majority of the States that the bailee may satisfy his burden of production and rebut the presumption of negligence arising from his failure to return goods entrusted to him by proof of loss arising from a fire or other extraordinary event. "When he [the bailee] shows the property was damaged or destroyed by fire, the burden is upon the bailor to establish by a preponderance of the evidence that the loss by fire was a proximate result of bailee's negligence." *McElroy* v. *General Texas Asphalt Co.* 427 S. W. 2d 719, 720 (Tex. Civ. App.).

The irrational result of this holding is that evidence of a fire is sufficient evidence of due care on the bailee's part to overcome the bailor's inference of negligence. Moreover, it leaves the bailor in the same position of having to produce evidence of the bailee's negligence although it may have no access to such information. The imposition of such a minimal burden of production on the bailee defeats the rule's basic purpose because the bailee can simply note that a theft or a fire of unknown origin made delivery of the bailed goods impossible and rest his case.

Realizing the obvious defects of such a rule, many State courts have recently imposed a more stringent burden of production on the bailee. The Alaska Supreme Court's decision in *Harris* v. *Deveau*, 385 P. 2d 283, reflects this modern trend in bailment cases. That court held (p. 286), "Regardless of the type of bailment and the degree of care required of the bailee, the trend of modern authorities is in support of the rule that in order to throw the duty of proceeding with actual proof of negligence upon a bailor who has made out a prima facie case by showing that the chattel involved was damaged or destroyed while in the possession of the bailee, the bailee must not only prove that the damage or loss occurred by reason of theft, fire or other cause beyond his control, but produce further evidence in explanation of

the actual damage or loss which would indicate exercise
of care on his part in the protection of the property. It
is reasoned, and we think rightly so, that the bailee being
in possession of the chattel is in a better position to ex-
plain the origin of the fire or the circumstances of the
theft or other cause which would determine whether the
loss or damage was due to negligence. He should dis-
close, to the extent that he is able, the manner in which
the damage or loss occurred, the facts and circumstances
attending such damage or loss and the precautions taken
to prevent it." See also *Clemenson* v. *Whitney*, 238 Ill.
App. 308, 313–314; *Sherber* v. *Kinney Sys. Inc.* 42 Misc.
2d (N. Y.) 530, 533.

However, we feel that defining the bailee's burden of
production in this manner resolves only in part the prob-
lem created by fixing the ultimate risk of nonpersuasion
(or burden of proof by a fair preponderance of the evi-
dence) on the bailor. A stringent burden of production
on the bailee mitigates but does not cure the evil of im-
posing the burden of proof (or persuasion) on the party
who has little or no access to the facts surrounding the
loss or damage of the bailed property. The *Harris* hold-
ing, *supra*, does force the bailee to give some affirmative
evidence of his due care in handling the bailed property.
But once the bailee has done so, the presumption of neg-
ligence established by the bailor's case disappears and the
burden of production shifts back to the bailor to refute
the bailee's evidence of due care. See the *Commercial
Molasses Corp.* case, *supra*, 314 U. S. at 111. Thus, the
bailor is still placed in the inequitable position of bear-
ing the burden of proof even though he may not have
access to the information needed to rebut the bailee's
affirmative evidence of due care. This essential unfair-
ness is even more pronounced in cases, like the instant
one, where the bailor is a consumer. The consumer's
unfamiliarity with the bailee's trade practices and com-
mercial customs *aggravates* the difficult task that all
bailors face in trying to rebut the inference of due care

which the bailee has created by selecting the most favorable facts from all the information exclusively available to him.

Why, then, should the burden of proof lie on the bailor when the bailee "is in a better position to explain the origin of the fire or the circumstances of the theft or other cause which would determine whether the loss or damage was due to negligence?" The *Harris* case, *supra*, 385 P. 2d at 286. As we have already noted, this court has justified placing the burden of proof on the bailor by relying on a pleading rationale. "The fundamental rule as to the burden of proof is, that, whenever the existence of any fact is necessary in order that a party may make out his case or establish a defence, the burden is on such party to show the existence of such fact." The *Willett* case, *supra*, 142 Mass. at 357. The obvious problem with this rule is that it begs the essential question, which party should bear the *ultimate* burden of proving that the bailee was negligent. Until the burden of proof has been allocated to one of the parties, the fact of negligence is no less essential to one side than the other.[3] Moreover, the fact that the bailor may have to plead negligence affirmatively does not justify placing the burden of proof on him. "It is often said that the burden is upon the *party having in form the affirmative allegation.* But this is not an invariable test, nor even always a significant circumstance; the burden is often on one who has a negative assertion to prove." Wigmore, Evidence (3d ed.) § 2486, p. 274.

Therefore, we decline to follow prior cases such as the *Willett* case, *supra*, 142 Mass. 356, which allocate the burden of proof in bailment cases principally on the basis of the pleadings. We have long abandoned the notion of strict adherence to pleadings when to do so would give preference to form over substance. Instead, we must determine upon sound policy grounds how to allocate the

---

[3] "The second misleading doctrine is that the party to whose case the element is essential has the burdens of proof. Such a rule simply restates the question." McCormick, Evidence (2d ed.) § 337, p. 786.

burden of proof fairly. McCormick and Wigmore mention, among others, one policy factor which aids courts in determining where the burden of proof should rest.

"A doctrine often repeated by the courts is that where the facts with regard to an issue lie peculiarly in the knowledge of a party, that party has the burden of proving the issue." McCormick, Evidence (2d ed.) § 337, p. 787. Since negligence is the determinative issue in the ordinary bailment case, the burden of proof should rest on the party who is in the best position to determine what actually happened to the goods and what safeguards existed both before and after the precipitating event that destroyed or damaged the bailed property. Clearly, the bailee has greater access to the information needed to show negligence or due care.[4]

We are confirmed in our conclusion by the fact that in a closely similar situation the Legislature long ago placed the burden of proof on the bailee. Where a warehouse receipt is issued, the Uniform Warehouse Receipts Act places the burden upon the warehouseman to establish the existence of a lawful excuse for refusal or failure to deliver the goods on a proper demand, and the Uniform Commercial Code carries forward the same rule. G. L. c. 105, §§ 15, 27, inserted by St. 1907, c. 582, §§ 9, 22. G. L. c. 106, § 7-403 (1) (b), inserted by St. 1957, c. 765, § 1. *Rudy* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 249 Mass. 492, 494-495. See *D'Aloisio* v. *Mor-*

---

[4] We do not mean to suggest that lack of access to information will always be the most important policy consideration in allocating the burden of proof. "The truth is that there is not and cannot be any one general solvent for all cases." Wigmore, Evidence (3d ed.) § 2486, p. 275. For example, expanded pre-trial discovery would minimize the importance of considering lack of direct access as a factor in deciding how to allocate the burden of proof. Thus, our decision in this case creates only a specific rule for a specific class of cases, bailment for hire. We agree with Wigmore that "[t]here is, then, no one principle, or set of harmonious principles, which afford a sure and universal test for the solution of a given class of cases. The logic of the situation does not demand such a test; it would be useless to attempt to discover or to invent one; and the state of the law does not justify us in saying that it has accepted any. There are merely specific rules for specifi? classes of cases, resting for their ultimate basis upon broad reasons o experience and fairness." Wigmore, Evidence (3d ed.) § 2486, p. 278.

*ton's Inc.* 342 Mass. 231, 236–237; Braucher, Am. Law
Inst., Documents of Title (Under the Uniform Commercial Code) (1958 ed.) §§ 3.3, 3.41.    Compare *Fireman's
Fund Am. Ins. Co.* v. *Capt. Fowler's Marina, Inc.* 343 F.
Supp. 347, 350 (D. Mass.).    It is in the interest of simplicity and uniformity that the same rule apply whether
or not a warehouse receipt is issued.    See *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 639–640, and
cases cited.    For cases in other States fixing the burden
of proof on the bailee apart from statute, see *Buckey* v.
*Indianhead Truck Line, Inc.* 234 Minn. 379, 384–385;
*Kelley* v. *Capital Motors, Inc.* 204 S. C. 304, 309.

   Therefore, we hold that once the bailor proves delivery
of the property to the bailee in good condition and the
failure to redeliver upon timely demand, the burden of
proof is irrevocably fixed upon the bailee to prove by a
fair preponderance of the evidence that he has exercised
due care to prevent the property's loss or destruction.
Our holding extends to all bailment for hire cases, whether
brought in tort or contract, in which the bailee has exclusive control over the property at the time it was destroyed
or damaged.    Excluded from this category would be cases
where the bailee has contractually obligated himself irrespective of due care.

   The order of the Appellate Division is reversed.    The
case is remanded to the Municipal Court for a new trial.

*So ordered.*


   BRAUCHER, J. (dissenting in part).    I concur fully in
the court's ruling that the burden of proof should be on
the defendant in this case to prove that it exercised due
care.    But I think the finding of the trial judge was warranted under the rule of *Bean* v. *Security Fur Storage
Warehouse, Inc.* 344 Mass. 674, 676, "that the burden of
going forward with the evidence falls upon the defendant."    The report shows only that the furniture was
delivered to the defendant at its warehouse on one day,
and that there was a fire at the warehouse the next day.

Such a showing does not carry the defendant's burden, and "an issue of fact" was "presented." *Ibid.* I therefore dissent from the decision so far as it orders a new trial.