IRENE RABINOVITZCH *vs.* SEA CREST CADILLAC-PONTIAC, INC. October 2, 1975. The plaintiff's husband delivered her motor vehicle to the defendant for service and repair one morning in 1970. When he returned that evening to pick it up, the motor vehicle was missing from the defend-

ant's premises. This action was brought to recover the value of the automobile and its contents. A finding for the plaintiff was entered in the District Court. The Appellate Division of the District Court concluded that there was no prejudicial error and ordered that the report be dismissed. The defendant argues here that the judge was in error in ruling that the defendant had the burden of proving that it had exercised due care to prevent the loss of the vehicle. It also challenges the judge's failure to find, as matter of law, that the defendant was in the exercise of due care. Our opinion in *Knowles* v. *Gilchrist Co.* 362 Mass. 642 (1972), involving the loss of furniture delivered for reupholstering, is dispositive of the first issue. We said there that, in all bailment for hire cases, if the bailor delivers property in good condition which the bailee fails to return on timely demand, the burden "is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction." *Id.* at 652. On the second issue, the judge was not compelled, as matter of law, to rule that the defendant was in the exercise of due care. This was a question of fact. No separate question has been argued concerning the defendant's liability for the loss of the contents of the motor vehicle.

*Order dismissing report affirmed.*

*Michael P. Marnik* for the defendant.
*Walter T. Radulski* for the plaintiff.