Walsh, P.J.
This is a complaint in which plaintiff sought damages for his motor vehicle while it was in the care, custody, and control of the defendant as bailee of the motor vehicle.
The sole question for determination is whether a bailee, who is the owner and operator of a service station, has exercised due care with respect to a bailed motor vehicle if he stores it in the station’s private parking lot adjacent to a public roadway rather than in an enclosed structure which is on the premises.
On May 8,1982, the plaintiffs motor vehicle, which had become disabled, was towed by the defendant who is the owner and operator of a service station. The vehicle was stored by the defendant in an outside parking area of the service station. Sometime during the night an unknown vehicle skidded from an adjacent public roadway onto the parking area of the service station and struck plaintiffs motor vehicle causing damage. The main building to defendant’s service station contains two service bays. One was used to store defendant’s wrecker and the other was kept available for automobiles towed in response to emergency police *354 calls. Defendant also owned a garage, in the rear of the station, which was used to store equipment and motor vehicles. No vehicles were stored that night in any of the service bays. The plaintiff contended that the defendant was negligent in his care of the motor vehicle. The trial judge found that the defendant had exercised due care with respect to plaintiffs property and entered ajudgment for the defendant. Plaintiff appeals.
For the last decade, it has been well established by the Massachusetts courts that liablity for damages occurring during a bailment situation has been governed by the decision of Knowles v. Gilchrist Company, 362 Mass. 642 (1972). The basic holding of Knowles is that once the bailor proves delivery of property to a bailee in good condition, and failure to redeliver the property upon timely demand, the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he exercised due care to prevent the property’s loss or destruction.
The facts are not in dispute in the instant case. Plaintiff delivered his vehicle to the defendant and the defendant redelivered the property in a damaged condition. Faced with this type of bailment situation in Knowles, the Supreme Judicial Court had to determine whether to merely shift the burden of production or go further and shift the burden of proof. Recognizing that negligence is the determinative issue in the ordinary bailment case, the Supreme Judicial Court determined that the burden of proof should rest with the party who is in the best position to determine what actually happened to the goods and whát safeguards existed. Id. at 651. Since in most cases the bailee will have greater access to the information needed to show due care or negligence, the Supreme Judicial Court placed this burden upon him. The burden of proof in the instant case is therefore shifted to the defendant-bailee to show that he had exercised due care with respect to the property. The trial court judge determined that the defendant had carried this burden by a fair preponderance of the evidence. Plaintiff does not agree.
We are inclined to agree with the trial court judge's determination that the defendant has met the burden of proof and demonstrated by a preponderance of the evidence that the defendant was not negligent and had exercised due care. The determination of whether a defendant in a bailment situation was negligent is a question of fact not a question of law. Whether a bailee has exercised reasonable or due care is a question of fact that is for the sole determination of the trial judge. Soutier v. Kaplow, 330 Mass. 448, 450-451 (1953); Cox v. New England Auto Parking Systems, Inc., 31 Mass. App. Dec. 75, 77 (1965). The trial judge in the instant case has determined that the defendant was not negligent and had exercised due care with respect to the bailed vehicle. Since he has made this determination, we are obligated to review it with a certain degree of deference and the trial court judge’s findings of fact will not be set aside unless clearly wrong. Dist./Mun. Cts. R. Civ. P., Ru.l 52(a). Suchfindings will not be disturbed when supported by any reasonable view of the evidence with all rational inferences of which it is susceptible. Barttro v. Watertown Square Theatre, Inc., 309 Mass. 223, 224 (1941).
There was no error.
Report dismissed.