McGuane, J.
The Trial Court, after hearing this matter, made the following findings of fact.
The plaintiff, Alfred Lund, was the owner of a 1966 International Rubbish Packer. He used this vehicle in the course of his business of rubbish removal. On August 12,1978, at approximately 9:00 p.m., that vehicle was damaged by fire while on the premises of the defendant, Mohegan Council, Inc. It was stipulated between the parties that the amount of damage to the vehicle was eight thousand ($8,000.00) dollars.
Since 1973, the plaintiff and the defendant had a business relation concerning the removal of rubbish from the defendant’s property for which the plaintiff was paid. Approximately one week prior to August 12,1978, the defendant informed the plaintiff that because the defendant was having an unusually large crowd that weekend, additional dumpsters would be necessary. The parties agreed it would be in both their interests that the vehicle remain on the defendant’s property. The plaintiff left a rubbish packer vehicle on the defendant’s property. The plaintiff parked and locked the vehicle. The trash compartments were open.
At approximately 8:30-9:00 p.m. on August 12,1978, the plaintiff received a call from the defendant’s employee, Robert Bourgault, stating that there was a fire in the trash compartment of the plaintiffs truck. This fire was caused by unknown origins. The defendant, through its employees and others, attempted to put out that fire, but ran out of water. The plaintiff arrived shortly thereafter and moved the truck to another location as directed by the defendant in order to provide better access to fight the fire. At that time, the hydraulic system of the truck was operating. The plaintiff also attempted to dump the contents of the truck on the surrounding ground, but was prohibited from doing so. The fire intensified and destroyed the hydraulic system. The Paxton Fire Department arrived soon thereafter on the scene and put out the fire with some difficulty. As a result of the fire, the Plaintiffs vehicle was damaged in the amount of eight thousand ($8,000.00) dollars.
The plaintiff made requested rulings before final arguments and has *24 appealed-from the denial ofrulings 2 - 9.
Upon the findings by the Trial Court, it is evident that there was a bailment. While the Trial Judge-did not make a specific finding" it is clear from the findings of fact that a bailment situation existed between the plaintiff and defendant. Since the TrfafJudge found that there was a business relationship between the plaintiff and defendant for many years it is a fair inference to make that this was a bailment for hire. At the very least it was a bailment for mutual benefit of the parties.
The law in this state is clear in either case; that the defendant owed a duty to the plaintiff to exercise due care concerning the object of the bailment.
The Supreme Judicial Court in Knowles v. Gilchrist, 362 Mass. 642 in deciding a very similar action stated:
Once a bailor proves delivery of the property to bailee in good condition and the failure to redeliver upon timely demand, the burden of proof is irrevocably fixed on the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property’s loss or- destruction.
In the Knowles case, furniture being stored by the bailee was destroyed by fire. The cause of the fire was unknown. The Court in the Knowles case stated:
Since negligence is the determinative issue in the ordinary bailment case, the burden of proof should rest on the party who is in the best position to determine what actually happened to the goods and what safeguards existed before and after the precipitating event that destroyed or damaged the bailed property. Clearly, the bailee has greater access to the information needed to show negligence or due care.
The Court in the Knowles decision placed the burden of proof on the bailee to prove it exercised due care and was not negligent.
We find that the TriatCourt was in error in denying request for rulings of law no. 5 and 6 and the decision of the Trial Court is reversed. This matter is remanded to the Trial Court for a new trial.