**NISSHO IWAI AMERICAN CORPORATION, Plaintiff,**

v.

**NEW ENGLAND WAREHOUSING & DISTRIBUTION, INC., Defendant.**

**Civ. A. No. 85–3164–C.**

United States District Court,
D. Massachusetts.

Dec. 31, 1986.

Bertram E. Snyder, Looney & Grossman, Boston, Mass., for plaintiff.

Frank P. Conrad, Howard P. Speicher, Davis, Malm and D'Agostine, Boston, Mass., for defendant.

CAFFREY, Senior District Judge.

This is a civil action in which the plaintiff, Nissho Iwai American Corporation ("Nissho") seeks to recover for the loss of 75 pallets of nails that were delivered for storage and safekeeping to the defendant, New England Warehousing & Distribution, Inc. ("New England Warehousing"). Plaintiff claims that the loss of the nails was due solely to the negligence of the defendant. Jurisdiction is based on diversity. 28 U.S.C. § 1332. The matter is now before the Court on plaintiff's motion for summary judgment.

■ Both parties claim that *Knowles v. Gilchrist Co.*, 362 Mass. 642, 289 N.E.2d 879 (1972) is dispositive of this motion. In *Knowles*, the Supreme Judicial Court of Massachusetts ruled that once a bailor establishes a prima facie case of bailment, the burden of proof on the question of negligence and due care shifts to the bailee. *Id.* at 652, 289 N.E.2d 879. By stating that the nails were delivered to New England Warehousing in good condition, and further showing failure of defendant to deliver upon timely demand, Nissho has established a prima facie case. *See id.* Accordingly, a presumption that the loss of the nails was due to defendant's negligence arises. This presumption operates to shift the burden of proof to the defendant. *Id.* at 649, 652, 289 N.E.2d 879. Before *Knowles*, the presumption served only to shift the burden of production. *See id.* at 647–649, 289 N.E.2d 879. The Court in *Knowles*, however, stated that once the bailor proves delivery in good condition and timely demand,

> the burden of proof is irrevocably fixed upon the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction.

*Id.* at 652, 289 N.E.2d 879.

■ In the present case defendant has alleged, and supported with an affidavit, that the defendant used certain security systems and procedures, that defendant's employees guarded the storage facility, and that defendant's employees used reasonable procedures in transferring property between defendant's storage facilities. Although the defendant's offer of proof of due care is thin, it is sufficient to raise a question of fact for the jury, i.e. whether defendant has shown, by a preponderance of the evidence, that it exercised due care with respect to the plaintiff's property and thus the loss was not attributable to defendant's negligence. *Knowles*, 362 Mass. at 652, 289 N.E.2d 879. *See also The Clark-Aiken Company v. Cromwell-Wright Company, Inc.*, 367 Mass. 70, 77 n. 6, 323 N.E.2d 876 (1975) (once burden of proof shifts under *Knowles*, the "defend-

ant, who is in exclusive control of the instrumentality causing injury, is given the entire burden of proving that he has exercised that degree of care required in the circumstances, and thus that he has not been negligent.").

Plaintiff argues that the defendant must offer facts which, if believed, will explain the circumstances of the loss of the goods. This is a correct statement of a bailee's burden of production under *Bean v. Security Fur Storage Warehouse, Inc.*, 344 Mass. 674, 184 N.E.2d 64 (1962) after the bailor establishes a prima facie case of negligent loss of bailed goods. *Bean*, however, is old law. *Knowles* changed the law of bailments: the presumption created by the prima facie case irrevocably fixes the burden of proof upon the bailee to prove "that he has exercised *due care* to prevent the property's loss or destruction." *Knowles*, 362 Mass. at 652, 289 N.E.2d 879 (emphasis added). *See also* M.G.L. c. 106, § 7–204. Defendant must produce sufficient evidence of due care—not necessarily an explanation of the disappearance of the nails—to defeat plaintiff's motion for summary judgment.

The Supreme Judicial Court of Massachusetts has directly ruled that due care by the bailee is a question of fact. *Rabinovitzch v. Sea Crest Cadillac-Pontiac, Inc.*, 368 Mass. 814, 355 N.E.2d 698 (1975) (rescript opinion). *Rabinovitzch* involved a bailed automobile. The plaintiff's husband delivered the automobile in the morning to defendant for service and repair. When plaintiff's husband returned in the evening to pick the car up, he discovered it was missing from defendant's premises. The plaintiff sued to recover the value of the automobile and its contents. On appeal, the Supreme Judicial Court first ruled that *Knowles* clearly placed on the defendant the burden of proving that it had exercised due care to prevent the loss of the vehicle, and then ruled that whether the defendant exercised due care was a question of fact. *Id.* at 815, 355 N.E.2d 698. *Rabinovitzch*, like *Knowles* itself, makes no requirement that defendant produce an explanation of

what in fact happened to the bailed goods. Both cases clearly hold that the defendant must produce evidence—and sustain the burden of proof—on the issue of whether it exercised due care to prevent the loss of the bailed goods. As stated above, defendant has offered to prove facts which raise a question of fact of due care. Plaintiff's motion for summary judgment should therefore be denied.

Order accordingly.