Welsh, J.
This is an action under the Small Claims Procedure reported by the trial judge agreeable to G.L.c. 218, §23. The gist of the action sounds in tort for damages incurred by the plaintiff to repair scratches allegedly caused by an automatic car wash operated by the defendant and to repaint the vehicle. The damages were stipulated to be $1,133.25 plus costs of $19.00.
On January 24, 1991, plaintiff drove her 1987Toyota Corolla to the defendant’s car wash. After a partial prewash with a hand brush by an attendant employed by the defendant, the plaintiff paid the fee and drove her vehicle into the wash tunnel. The plaintiff was instructed to put the transmission in neutral and not to touch the brake pedal. A roller mechanism engaged the rear wheels, pushing the vehicle through the washing tunnel where it is soaped, brushed, rinsed, and partially dried. During the process the plaintiff remained seated in her vehicle where she was essentially passive while the mechanical elements of the carwash moved the vehicle through the wash tunnel and controlled the entire cleaning process.
Plaintiff contends that she observed the scratches 10 minutes after the washing procedure. The court found that the plaintiff did not damage her own vehicle. The defendant contended that his brushes were safe and denied that the process caused the damage. The plaintiff did not introduce any evidence of negligence on the part of the defendant. On the other hand, the defendant did not introduce evidence that the plaintiff damaged her own vehicle, or that the damages were caused by another person or agency, although the defendant argued that often car owners damage their own vehicle while removing snow or ice. There was evidence of below freezing *114 temperatures and of snowfall in the region at about the time of the car wash.
The trial court ruled that the defendant failed to prove to afair preponderance of the evidence that the damages to the plaintiffs vehicle were not caused by its negligence or an actionable defect in its equipment. The court held that on the basis of the doctrine announced in Knowles v. Gilchrist Co., 362 Mass. 642 (1972), the plaintiff ought to prevail.
There is no error.
The court warrantably concluded that the defendant was a bailee for hire of the plaintiffs vehicle during the washing process. From the statement of the case contained in the report, it may be inferred that the vehicle was undamaged at the time it entered the carwash. Although the report does not expressly state that the trial judge drew this inference, the appellate division is entitled to draw inferences of fact without regard to the inferences drawn by the trial judge. Stuart v. Sargent, 283 Mass. 536, 541 (1933); Parker v. Morrell, 59 Mass. App. Dec. 34, 36 (1976). The plaintiff as bailor has the burden of demonstrating to a fair preponderance of the evidence that the car was undamaged at the time it was entrusted to the defendant.
The opinion of the Supreme Judicial Court in Knowles v. Gilchrist Co., 362 Mass. 642 (1972), is dispositive of this case. The case held that in all bailment for hire cases if the bailor delivers the property in good condition and the bailee either fails to return the property or to return it in the same condition upon timely demand, the burden “is irrevocably fixed on the bailee to prove by a fair preponderance of the evidence that he has exercised due care to prevent the property’s loss or destruction.” Id. at 652; Rabinovitzch v. Sea Crest Cadillac-Pontiac, Inc., 368 Mass. 814, 815 (1975). The plaintiff is not required to demonstrate precisely how the damage occurred. The plaintiffs burden is met by showing a greater likelihood or probability that the damages occurring were due to causes for which the defendant was responsible than other causes. Power Service Supply, Inc. v. E. W. Wiggins Airways, Inc., 9 Mass. App. Ct. 122, 128 (1980), and cases cited.
A bailment comes into existence when one entrusts his personal property to another. In this case, since a fee was charged the plaintiff, it was a bailment for the mutual benefit of the bailee and bailor, ora bailment for hire. The fact that the plaintiff remained in the vehicle does not take the case outside of the scope of the law of bailments. She was passive and the vehicle was, during the washing process, under the exclusive dominion and control of the defendant. Nor does the fact that the keys remained in the ignition undermine the conclusion that a bailment existed. See Proctor v. Owen Motors, Inc., 42 Mass. App. Dec. 80, 85 (1969).
The judgment of the trial court is affirmed.
So ordered.