Burnes, J.
The plaintiff, William J. Zoppo (“Zoppo"), brought this action against the defendant, Robert W. Foster (“Foster”), for libel and slander. Foster moves to dismiss the complaint under G.L.c. 231, §59H (“Section 59H”), asserting that the actions complained of occurred during the exercise of his right to petition the government. Zoppo opposes the motion to dismiss, arguing that the statements made by Foster lacked reasonable factual support or arguable basis in law, and caused the Building Inspector to deny the issuance of a building permit. For the following reasons, Defendant’s motion to dismiss is DENIED.
BACKGROUND
Zoppo brought this action against Foster for libel and slander for statements written in a letter to the Massachusetts Department of Environmental Protection (“DEP") and statements made before the Walpole Board of Selectmen. Zoppo alleges that Foster’s statements were made in an unjustified and malicious effort to prevent Zoppo from developing a parcel of land in Walpole, Massachusetts (the “Property”) located across the street from Foster’s residence.
On July 14, 1974, Zoppo purchased the Property from Bernard Sykes. Sykes’ predecessor in title, Norwell Industrial Trust (“Norwell”), had constructed a foundation and installed landfill pursuant to a 1967 building permit (the “1967 Permit”), issued by the Walpole’s Building Inspector. In 1971, Foster challenged the validity of the 1967 Permit, Norfolk Superior Court No. 98956 Eq. The court (DeSaulnier, J.) ruled in favor of Norwell, holding that the 1967 Permit complied with the Walpole zoning by-laws, as then in effect. In addition, Judge DeSaulnier ruled that the 1967 Permit need not be altered to conform with the 1969 amendments to the by-laws.
In 1994, Zoppo obtained a Special Permit from the Zoning Board of Appeals to construct a three-family home on the existing foundation. Foster apparently did not oppose the application for the Special Permit. Zoppo, however, did not receive a building permit. In a July 25, 1996 letter to the DEP and in a September 24, 1996 Walpole Board of Selectmen meeting, now asserting environmental problems on the Property, Foster made statements in which he claimed, among other things, that the existing foundation on the Properly violated zoning laws, that Zoppo was the violator, that he was a violator of the Wetlands Act across the state and that he was receiving special treatment from the DEP. Following Foster’s statements, the Walpole Building Inspector declared the Special Permit invalid and refused to issue a building permit. As a result, Zoppo has lost thousands of dollars in legal, architectural, engineering and permits fees and rental income from the property.
DISCUSSION
Section 59H permits any party to move for dismissal of claims asserted against it if those claims are “based on said party’s exercise of its right to petition under the constitution of the United States or of the commonwealth.” G.L.c. 231, §59H. More commonly known as the anti-SLAPP[1] statute, the purpose of Section 59H (sometimes the “statute”) is “to protect citizens from lawsuits designed to chill their right to petition a matter of public concern.” Andover Liquors, Inc. dba The Vineyard v. Den Rock Liquors, Inc., 5 Mass. L. Rptr. No. 11, 239, 240 (June 17, 1996) (quoting “Massachusetts Anti-SLAPP Statute,” 3 M.S.L. Law Rev. 41, 46 (1995)); see also Sullivan v. Murphy, 5 Mass. L. Rptr. No. 3, 67, 68 (April 22, 1996). The broad definition of exercising the “right to petition”[2] protects a citizen virtually every time he or she speaks out on matters of “public interest” or participates in “ ‘governmental proceedings’ implicating matters of ‘public concern.’ ” Commonwealth v. Chatham Development Corp., 6 Mass. L. Rptr. No. 6, 76, 76 (October 18, 1996).
The special motion to dismiss under Section 59H differs markedly from the traditional motion to dismiss under Mass.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion should be allowed only where it is absolutely clear that plaintiff can prove no set of facts entitling it to relief. See, e.g., Nader v. Citron, 372 Mass. 96, 98 (1977). *544 Under Section 59H, however, the moving party need only make a prima facie showing that he is exercising his right to petition. Andover Liquors, Inc. dba The Vineyard, supra at 240. Once this is done, the burden of production shifts to the responding party to demonstrate that its claims should not be dismissed because the defendant’s statements (1) have no basis in fact or in law and (2) caused the plaintiff harm. Id.[3]
No Massachusetts appellate case has discussed this burden shifting in the anti-SLAPP statute. However, in other contexts, the Supreme Judicial Court has provided guidance.
[W)hen, by statute or common law, one fact probative of another is denominated prima facie evidence of that second fact, proof of the first or basic fact requires a finding that the second, the inferred or presumed fact, is also true. The finding is mandatory. To avert this result, the opponent must assume the burden of production (the burden of persuasion remains with the proponent). It is only when the opponent has introduced sufficient evidence, which, cast against the natural inferential value of the basic fact, creates an issue of fact for the trier, that the opponent has satisfied his burden and the mandatory effect disappears.
Commonwealth v. Pauley, 368 Mass. 286, 290-91 (1975), appeal dismissed 423 U.S. 887 (1976). See also Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 441-42 (in employment discrimination cases, after plaintiff proved prima facie case of discrimination, burden of production shifts to defendant to show a legitimate, non-discriminatory reason for its conduct toward plaintiff); Knowles v. Gilchrist Co., 362 Mass. 642, 646-48 (1972) (in exclusive bailment cases, after bailor established inference or presumption of bailee’s negligence by showing that bailed property was lost, burden of production shifts to bailee to rebut such presumption).
Consequently, to enjoy the anti-SLAPP statute’s protection, the moving party must satisfy the initial burden by showing that the statute covers its acts. Under Section 59H, no second set of facts is presumed after the moving party has proved that the claims brought against it were based on its petitioning a government body. Rather, dismissal of those claims is warranted. Dismissal, however, is not mandatoiy. The responding party may elude dismissal by introducing evidence to demonstrate “(1) that the moving party’s exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) that the moving party’s acts caused the actual injury to the responding party.” G.L.c. 231, §59H.
In this case, Zoppo brought an action against Foster based on statements Foster made to the DEP and the Walpole Board of Selectmen. Because the DEP and the Walpole Board of Selectmen are government bodies within the meaning of Section 59H and Foster’s statements concerned a public matter, namely, the issuance of a building permit, Foster may utilize the anti-SLAPP statute to dismiss the complaint. To survive dismissal then, Zoppo must show that the statements Foster made to the DEP and the Walpole Board of Selectmen lacked any reasonable factual support or basis in law and caused him harm.
In addition to there being no appellate case discussing the burden of production, there is also no case evaluating the quantum of evidence a plaintiff must produce at this stage. That is, what does it mean that the plaintiff must “show” that the defendant’s statements were without a reasonable basis in fact or in law and that he suffered harm? This court concludes that the statute, by setting up a motion to dismiss procedure, does not mean to require a trial by affidavit at this stage. First, the statute was intended to provide protection from frivolous law suits against citizens speaking out on matters of public concern. Sullivan v. Murphy, supra at 68. It did not, however, immunize all communications in such a forum. G.L.c. 231, §59H. Indeed, the statute itself recognizes that discovery may occur after (and, with court approval, before) a decision on the motion. G.L c. 231, §59H.
Therefore, in making its decision, this court has been guided by Commonwealth v. Pauley, supra (opponent must produce “sufficient evidence” to create an “issue of fact for the trier”). The court has also considered the quantum of proof required by a person opposing a motion for summary judgment. Once the moving party has produced evidence showing there is no issue for trial (here, that the defendant was in the exercise of his right to petition), the opponent must show that there are, indeed, disputes of fact which must be presented to the trier of those facts (that the statements were devoid of fact or legal basis and, thus, not entitled to protection). Kourvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The opposing party cannot rest on his pleadings but must come forward with affidavits or other evidence refuting the moving party’s proof. LaLonde v. Eisner, 405 Mass. 207, 209 (1989). See also G.L c. 231, §59H.[4]
Using this standard, the court finds that Zoppo has satisfied his burden of production under Section 59H through the facts stated in his affidavit and in prior decisions of this court. Zoppo showed that since 1971 Foster has been involved in litigation with various owners of the Properly, concerning the use of the premises. Zoppo also showed that in a 1971 dispute concerning the validity of a 1967 Permit, which allowed the placements of the existing foundation and landfill, Judge DeSaulnier declared the 1967 Permit valid and that Foster knew or had reason to know that the foundation existing on Zoppo’s Property, on which Zoppo planned to erect a three-family house, was legal because Foster was a party to the 1971 lawsuit. Foster also knew that Zoppo had not been the one to construct the foundation or to add the landfill on the *545 Property. Zoppo swore In his affidavit that he had never violated the Wetlands Act, either on the Property or anywhere else in Massachusetts. This testimony was rebutted only by inadmissible hearsay offered in affidavits. In addition, it appears from Zoppo’s affidavit and the record before this court that Zoppo’s dealings with the DEP are entirely ordinary and show no special treatment. Zoppo showed actual damages caused by Foster because the Walpole Building Inspector’s rescission of the Special Permit to build on the existing foundation followed immediately on the heels of Foster’s statements. Zoppo has shown that there is an “issue of fact for the trier” as to whether Foster’s statements are libelous or slanderous.
ORDER
Based upon the foregoing, this court ORDERS that the defendant’s motion to dismiss be DENIED.

SLAPP stands for “Strategic Litigation Against Public Participation."

The right to petition includes “any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; any statement reasonably likely to enlist public participation in an effort to effect such consideration; or any other statement falling within constitutional protection of the right to petition the government.” G.L.c. 231, §59H.

This burden shifting is similar to other anti-SLAPP statutes. See, e.g., Cal.Civ.Proc.Code §426.16 (1993) (requires plaintiff to demonstrate “probability” of prevailing); Del.Code-Ann. tit. 10, §8137 (1992) (requires plaintiff to show “substantial basis” to support his cause of action); R.I. Gen. Laws §9-33-2 (1993) (requires plaintiff to establish that defendant’s petition or free speech constitutes a “sham”); Minn. Stat. §554.02 (1994) (requires plaintiff to show by “clear and convincing” evidence that defendant’s acts are not immunized from liability).

In using this standard, the court is aware that the Legislature rejected the Governor’s proposed amendment to the statute that a person asserting that the claims made against it were based on its exercise of its rights to petition be entitled to file a motion for judgment on the pleadings, to dismiss for failure of the plaintiff to state a claim upon which relief may be granted, or for summary judgment. Wigwam Associates, Inc. v. Kenneth McBride, 4 Mass. L. Rptr. No. 21, 461, 465 n. 3 (January 15, 1996) (citing message from the Governor, 1994 House Doc. No. 5570 at 3). These are the traditional means for achieving judgment prior to trial, and the Legislature clearly wanted to lessen the defendant’s burden at this stage. The Legislature, however, did not provide any guidance on the plaintiffs burden in defending against a motion to dismiss. This court finds the summary judgment analysis useful to evaluate the quantum of proof necessary to escape the motion to dismiss.